Rescarick Ayres, Appellant, *v.* Murray McConnel, Administrator of Charles Collins, Appellee.

APPEAL FROM MORGAN.

When a deed recites that full payment of the consideration for the land conveyed has been received, it is *primâ facie* evidence of the fact; but this evidence may be rebutted by other proof.

A note transferred by delivery merely, cannot be set off by the holder, in an action against him by a third party. The holder could not sue upon the note in his own name, and it therefore was not a legal subsisting cause of action in his favor.

Where a party is in quiet possession of land conveyed to him by deed in which the wife has not joined, he is not entitled in an action against him to claim credit on account of dower interest, where proceedings have not been commenced by the widow to obtain such interest.

This cause was heard at the Morgan Circuit Court, at September term, 1852, Woodson, Judge, presiding.

D. A. Smith, for appellant.

M. McConnel, *pro se.*

Treat, C. J.   This was an action of debt, brought by Mc-Connel, administrator of Charles Collins, against Rescarick Ayres.   The declaration contained the common counts.   The pleas were *nil debet*, and set-off.   The plaintiff read in evidence the following instrument:—

"Due Charles Collins for a four mule team and wagon, $600; and a carriage and harness, now at Richards, $100; making in all $700.   And from this amount my account, as soon as it can be ascertained, is to be deducted.   Naples, April 13, 1839.                              Rescarick Ayres."

He then proved by Richards, that in December, 1838, Collins sold Ayres two lots in Naples for $2,400, one half of which was paid in demands of Ayres against the witness, one fourth in a mule team, and witness did not know how the remaining fourth was paid; Collins got a pair of horses from Conover, worth $400, and sold them to Ayres; witness had an impression that Ayres owed Collins $500, at the time of his death, in 1849, but was never present at any settlement between them; Ayres sold the Naples lots to Whitelaw for $2,400, and Whitelaw sold them to Mooers, who was in possession; Collins sold the mule team back to Ayres, and took the note; he agreed to pay Ayres for the use of the team while he had it, and that was the account to be deducted from the note.

The defendant introduced the following evidence: A note for $160, made by Collins to Ayres in 1835; a note for $200, made by Collins to Delahay in 1839, transferred by delivery to Seeley, and by Seeley in the same manner to Ayres; a deed of general warranty from Collins to Ayres for the Naples lots, which recited the payment of the purchase-money, $2,400.   The deed was not executed by the wife of Collins.   Ayres claimed damages on account of the dower interest of the widow, but it did not appear that she had ever made any claim to the lots. Alfred Ayres testified, that in 1835, Ayres sold Collins one half of a bay trotting mare for $300; in 1837, two roan horses for $225; in 1838, two bay mares for $300, which Collins afterwards sold to Delahay; in 1839, two grey horses for $150; in 1838-9, Ayers kept and doctored two horses for Collins for one year, which was worth $80; in the spring of 1839, Ayres agreed to furnish Collins a four mule team, wagon, and driver for one year, for the use of which Collins agreed to give him $1,000; the team, wagon, and driver, were in the service of Collins till some time in the following winter.   Delahay testified, that in the winter of 1838-9, he bought a pair of bay mares of Collins

for $300, and understood he had got them from Ayres; between 1837 and 1840, a mule team and driver were in the service of Collins at Naples, and witness understood that he had hired them of Ayres at the rate of $1,000 per year; witness often laughed at Collins for agreeing to pay such a price for the use of them.

The jury returned a verdict in favor of the plaintiff for $651. The court refused to grant a new trial, and rendered judgment on the verdict.

1. The plaintiff was not entitled to recover any portion of the purchase-money of the Naples lots. The deed of the intestate recited full payment of the consideration. This acknowledgment furnished *primâ facie* evidence of payment, and there was nothing in the case to destroy the presumption. It was not a fair inference from the testimony of Richards, that any part of the purchase-money remained unpaid. It was, indeed, competent for the plaintiff to explain this statement in the deed, and show that the consideration had not in fact been paid. But the burden of proof was upon him. Bowen *v.* Bell, 20 Johns. 338; Watson *v.* Blaine, 12 Serg. & Rawle, 131; Clapp *v.* Tirrell, 20 Pick. 247; Meeker *v.* Meeker, 16 Conn. 383; Beach *v.* Packard, 10 Verm. 96; Burbank *v.* Gould, 15 Maine, 118.

2. The defendant was not entitled to any credit on account of the note made by the intestate to Delahay. It was transferred by delivery merely, and not by indorsement in writing. The legal interest in the note was therefore still in Delahay, in whose name alone could an action be maintained upon it. A party cannot set off a demand, that is not a subsisting cause of action in his favor. As the defendant could not sue upon the note in his own name, he was not entitled to introduce it by way of set-off.

3. Nor was the defendant entitled to any credit on account of the dower interest of the widow in the Naples lots. It did not appear that she had instituted any proceedings to enforce her claim. On the contrary, it appeared that the defendant's grantee was still in the quiet enjoyment of the property. There was, therefore, no breach of the covenant of warranty. It may be, that the widow will never insist upon her right to dower. The covenant of the intestate will not be broken until she does.

4. Exclude these matters from the case, and the finding of the jury was clearly erroneous. The plaintiff only proved two items of his account, amounting to $1,100; while the defendant proved an indebtedness against the estate to an equal, if not a greater amount. The impression of Richards that the balance was in favor of the estate, was not a sufficient basis for the ver-

dict, as he did not pretend to be familiar with the business transactions of the parties, and stated no facts conducing to prove his impression to be well founded. The court should have granted a new trial.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*