THE PEORIA AND OQUAWKA RAIL ROAD COMPANY, Appellant, *v.* THOMAS NEILL, Appellee.

### APPEAL FROM TAZEWELL.

Proof of signatures to notes, bills, etc., given by a corporation, is not necessary to authorize a judgment, and if the signature is denied, it must be under oath.

The acceptance of a bill is an admission of the execution of it by the drawer.

A party who objects to the admission of evidence offered, should state his reasons to the court at the time, or the objection will be considered as waived.

An acceptance of a bill is good evidence under the common counts, though it may vary from the instrument described in the special ones.

Where a demurrer is interposed to a pleading, which proposes to answer a pleading of the party demurring, the demurrer will be carried back and sustained to such first pleading, if defective in substance.

plea to an action on an acceptance which sets up, that at the maturity of the acceptance it was in the hands of a party who was, and still is, indebted to the defendant, is not good.

A set-off must be mutual between the parties to the record, or the parties in interest, and in their own right.

None of the sections of chapter seventy-three of the Revised Statutes, entitled "Negotiable Instruments," except the first and second, have any relation to bills of exchange.

The uniting of the statute in relation to bills of exchange with that in relation to promissory notes, as they existed in the Revised Laws of 1833, into one act, in the Revised Statutes of 1845, does not change their effect or the rules of construction to be applied to them.

THE opinion of the court gives a full statement of the case.

The cause was tried by DAVIS, Judge, without the intervention of a jury, at the April term, 1855, of the Tazewell Circuit Court. Judgment was rendered for Neill, the appellee here, for $317.70 and costs.

J. MANNING, for Appellant.

N. H. PURPLE, for Appellee.

SKINNER, J. Neill sued the Peoria and Oquawka Rail Road Company, in assumpsit, on an acceptance by the company of a bill of exchange drawn by Spenck and Hughes on said company in favor of Neill. The venue was changed to Tazewell county, where trial was had.

The declaration contains two special counts upon the acceptance, and the usual common counts. The company plead the general issue, upon which issue was joined, and a special plea of set-off.

This plea alleges that after the acceptance of the bill of exchange, the same was duly assigned and came to the possession of one Etting, and became the property of said Etting, and was the property of and in the possession of said Etting when the acceptance became due and payable; that Etting then was,

and still is, indebted to the company in a much larger sum of money than the amount of the bill of exchange. The plea seeks to set off the indebtedness of Etting to the company against Neill. Neill demurred to this plea, and the court overruled the demurrer. Neill then replied, in avoidance of the plea, that the company had sued Etting for the same debt mentioned in the plea, in the Tazewell circuit court, that a trial was had upon the merits, that judgment was rendered against the company, and that the same remains in force. The company craved *oyer* of the record of that proceeding, set it out, and demurred to the replication. The court overruled the demurrer, and the company abided their demurrer.

The cause was submitted to the court for trial upon the general issue, and judgment was rendered against the company.

The bill of exceptions shows that on the trial Neill offered in evidence the bill of exchange and acceptance thereof, which are as follows:

"PEORIA, March 10, 1854.
*Secretary of the P. & O. R. R. Co.*,

Pay to the order of Thomas Neill the sum of three hundred dollars, and charge to the account of
$300.00. SPENCK & HUGHES."

" Accepted by Peoria and Oquawka Rail Road Company, payable in sixty days from March 14, 1854.

By R. ROUSE,
*President of said Company.*"

The company objected to this evidence generally, without giving any cause of objection. The objection was overruled, and Neill offered no other evidence. The company appealed to this court, and assign for error the overruling of their demurrer to Neill's replication to their special plea, and the overruling their objection to the reading in evidence of the bill of exchange and acceptance.

It is contended that the bill of exchange and acceptance should have been rejected for variance between the same and the instrument declared on in the special counts, and for want of proof of signatures to the instruments. No such proof was necessary. Under the statute, if the company wished to deny that it was their acceptance, they should have done so by plea under oath, or by verifying the plea of non-assumpsit by affidavit. R. S. 415, Sec. 14. *Linn* v. *Buckingham et al.,* 1 Scam. 451; *Stephenson et al.* v. *Farnsworth et al.,* 2 Gil. 715.

The acceptance of the bill by the company was an admission of the execution of the bill by Spenck and Hughes. *Walters* v. *Trustees of Schools,* 12 Ill. 64; *Smith* v. *Chester,* 1 Durn. & East, 654; 2 Starkie's Ev. 142.

Peoria and Oquawka R. R. Co. *v.* Neill.

It was the duty of the company, if they had any valid objection, to point it out to the court. Whether the objection was for want of proof of execution, or variance, or other cause, does not appear. The court was not bound to search out objections that might possibly exist, and if not pointed out, this court ought to regard them as waived. *Sargeant* v. *Kellogg*, 5 Gil. 280. But the acceptance was evidence under the common money counts, and therefore was properly admitted, even if variant from the instrument described in the special counts. 2 Starkie's Ev. 182.

The next question is, did the court err in overruling the company's demurrer to Neill's special replication to their special plea. By overruling the demurrer to this replication, the replication stood as a good answer to the plea, and avoided it as a defense. If, however, the plea to which this replication is an answer is also bad, the company are not injured, and have no cause to complain, for the plea, in such case, being no legal defense to the action, could have availed them nothing.

The general rule, therefore, is, that a demurrer opens to the court the entire record, and the demurrer will be carried back and sustained to the first pleading which is defective in matter of substance, though the particular pleading demurred to be also defective; and it may be said to be an universal rule, that where a demurrer is interposed to a pleading which professes to answer a pleading of the party demurring, the demurrer will be carried back and sustained to such first pleading, if defective in substance. *Cook* v. *Graham*, 3 Cranch. 229; *Sprigg* v. *The Bank of Mount Pleasant*, 10 Peters, 257; *Iglehart* v. *State*, 2 Gill and John. 235; 1 Chitty's Pl. 668, 9; Stephens' Pl. 144; *McDonald* v. *Wilkie*, 13 Ill. 22; Ibid. 66.

The special plea is no defense to the action. It is a plea of set-off, and seeks to defeat the action by showing that Etting, a stranger to the record, is indebted to the company. Under the statute a set-off must be mutual between the parties to the record, or the parties in interest, and in their own right. R. S. 416, Sec. 19; *Ayers* v. *McConnel*, 15 Ill. 230; *Hinckly et al.* v. *West*, 4 Gil. 136; *Sargeant* v. *Kellogg et al.*, 5 Gil. 273; *Burgwin et al.* v. *Babcock et al.*, 11 Ill. 28; Ibid. 644; *Kelly* v. *Garrett*, 1 Gil. 649.

But it is contended that under section 8 of chapter 73 of the Revised Statutes of 1845, the defense set up by this plea is good.

None of the sections of this chapter, except the first and second, have any relation to bills of exchange. The word "bills," which occurs in the sections subsequent to the first and second, evidently refers to the word "due bills" in the third section, and does not mean *bills of exchange*. The first two

sections are the same as the act concerning bills of exchange, passed Dec. 28, 1826, R. L. 1833, 112, and the balance of the chapter is the same as the act relating to promissory notes, passed January 3, 1827, R. L. 1833, 482. The first of these acts has no reference to promissory notes, and the last has none to bills of exchange, but materially changes the law in relation to promissory notes. By the common law, a promissory note is a promise, in writing, to pay *money* absolutely to some person, and at some time.

This statute makes such a promise to pay in *personal property* a promissory note, and negotiable by indorsement thereon, dispenses with demand and notice, and creates new rights, duties and liabilities between indorser and indorsee, payor and payee.

The act concerning bills of exchange changes the common law only in relation to damages on protest. These two statutes, in the revision of 1845, are embraced in one chapter, but this would not change their effect, or the rules of construction to be applied to them.

We know of no rule by which this set-off can be allowed in this action.

The bill of exchange was negotiable by indorsement in blank, and might have passed through many hands after due; the acceptor might have had demands against each of such persons. If the set-off could be allowed against one, it could against others, and such a rule would be productive of uncertainties and difficulties destructive to this kind of commercial paper.

*Judgment affirmed.*