PETER BOXBERGER

*v.*

EDWARD SCOTT.

1. PLEADING AND EVIDENCE—*promissory note under the common counts.* Where the execution of a promissory note is proved, it is sufficient evidence to authorize a recovery under the common money counts, without proof of a consideration.

2. Where there is a variance between a promissory note offered in evidence, and the one described in a special count of the declaration, it is sufficient evi-

dence, upon proof of its execution, to authorize a recovery under the common counts, and the fact that it is not the same note described in the special count does not affect its admissibility as evidence under the common counts.

APPEAL from the Circuit Court of Montgomery county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Mr. B. F. BURNETT, for the appellant.

Mr. WM. PRESCOTT, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellee against appellant. The declaration contained a special count on a promissory note, and the common money counts. Appellant pleaded *non assumpsit;* and the cause, by agreement of parties, was tried by the court without the intervention of a jury. Appellee proved the execution of a promissory note by appellant to himself, and the court, over appellant's objection, admitted it in evidence; and, this being all the evidence, the court thereupon gave judgment in favor of appellee and against appellant for $360.70—the amount due upon the note for principal and interest.

The only question attempted to be raised is, whether the court erred in admitting the promissory note in evidence.

There was a material variance between the promissory note given in evidence and that described in the first count; but we fail to discover any valid objection to the admissibility of the evidence under the common money counts. The execution of the promissory note having been first proved, it was sufficient evidence to authorize a recovery, under these counts, without proof of a consideration. *Nickerson et al.* v. *Sheldon,* 33 Ill. 372; *Childs* v. *Fischer,* 52 id. 205.

Nor does the fact that the promissory note is not the same that is described in the special count, affect its admissibility as evidence under the common money counts. *The Peoria*

*and Oquawka Railroad Company* v. *Neill,* 16 Ill. 269; *Lane et al.* v. *Adams,* 19 id. 167; *Gilmore, imp. etc.* v. *Nowland,* 26 id. 200.

This case ought to have been affirmed, solely on the ground that appellant failed to comply with the rule of the court in regard to making abstracts; but, inasmuch as the record is very short, and but a single point, involving no controversy of fact, is presented, we have thought the omission may have been the result of inadvertence, and have, in consequence, considered the case upon its merits.

There is no error in the record, and the judgment is therefore affirmed.

*Judgment affirmed.*