# Wilkinson *v.* Connell, Appellant.

*Trespass quare clausum fregit—Possession.*

An action of trespass quare clausum fregit cannot be sustained unless the plaintiff has possession, actual or constructive, of the close which he alleges has been invaded. If the land entered by the trespasser is unimproved, possession will be presumed to accompany the title, and this constructive possession will support an action. If the land is improved, that fact shows that it is in the actual possession of some one. In such case the plaintiff cannot rest on his title, but must show his possession.

Plaintiff and defendant owned and occupied adjoining lots in a borough. Plaintiff bought from defendant a strip eight feet wide to add to his own lot. Defendant ran off this strip, delivered possession to plaintiff, and on the line so run began the erection of a building. •When the building was up about one story, plaintiff caused the line to be run, and discovered, as he alleged, that the rear end of defendant's building was three and one half inches over the true line. This was denied by defendant. *Held,* that if defendant did not run the line in the right place, or turn over to plaintiff all that he was entitled to, plaintiff had never been in the actual possession of the land so withheld from him, and the action could not be sustained.

Argued Oct. 16, 1893. Appeal, No. 268, Oct. T., 1892, by defendant, John P. Connell, from judgment of C. P. Indiana Co., Dec. T., 1890, No. 291, on verdict for plaintiff, George Wilkinson. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass quare clausum fregit.   Before WHITE, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

"It has been held by our courts that where a man is in possession of a farm, part of it cleared and part of it woodland, the woodland not inclosed, and some of his timber on the woodland is cut, he can maintain an action of trespass for the cutting of his wood, for the invasion of his timber.   The possession of the balance of the farm draws to it the possession of the timber for the purpose of an action for trespass.   So, then, if a man goes into possession of cleared land under a purchase by a deed, which describes it by metes and bounds and courses and distances, or by actual monuments or marks on the ground, he is presumed to be in possession up to the extent of his purchase, prima facie, and he can maintain an action of trespass for an invasion of the possession of his territory inside the lines of his purchase."

Defendant's points were among others as follows :

"1. Actual possession of the ground in question is necessary to maintain trespass quare clausum fregit.   Before the plaintiff can recover in an action of trespass, he must show at the time of the alleged trespass actual possession of the ground on which the trespass was alleged to have been committed. *Answer :* This, subject to the principles we have explained in our general charge, is affirmed." [9]

"2. The possession necessary to maintain trespass quare clausum fregit is the actual possession.   Constructive possession is not sufficient.   Unless the plaintiff had the actual possession of the locus in quo of the trespass at the time the alleged injury was committed, he cannot support an action of trespass.   *Answer :* Subject to the principles in this behalf explained in our general charge, this is affirmed." [10]

"3. There is no sufficient evidence of possession of the locus in quo on part of the plaintiff in this case to support an action of trespass, and the verdict should be for the defendant.   *Answer :* To affirm this point would be to take the case from the jury.   We have already commented upon this question of actual possession necessary to sustain the action, and it is a question of fact for you.   If you find that the plaintiff was in the actual possession of his ground, and it has been invaded by the defendant here, this action can be sustained." [11]

" 5. The defendant having been in the actual possession of the locus in quo of the alleged trespass under the claim of right at the time of the injury complained of, and having since continuously maintained his possession by actual use and occupancy of the ground, and still continues so to do, the plaintiff cannot maintain trespass without first gaining possession in a lawful way, and the verdict must be for the defendant. *Answer:* We have already said that this is a question for you. In the way we find it, we cannot affirm this point, for that would be deciding the facts ourselves. We repeat, if the plaintiff was in possession of this ground at the date of bringing this suit, and his possession had been invaded by the defendant, he is entitled to recover." [12]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (9–12) instructions, quoting them.

*J. N. Banks, H. K. Sloan* and *D. H. Tomb* with him, for appellant.—It is not sufficient that plaintiff has a good and legal title to the land; he must have the actual possession of the land on which the alleged trespass was committed: Caldwell v. Walters, 22 Pa. 378; Zell v. Ream, 31 Pa. 304; Mather v. Trinity Church, 3 S. & R. 513; Clark v. Smith, 25 Pa. 139; King & Shoenberger v. Baker, 25 Pa. 186; Collins v. Beatty, 148 Pa. 65; Addleman v. Way, 4 Yeates, 218.

*Samuel Cunningham, Watson & Keener* and *S. J. Telford* with him, for appellee.—When there is no actual possession in another, the owner is of course to be deemed in actual possession. Any possession is sufficient against a wrongdoer or a person who cannot make out a title prima facie, entitling him to the possession: 1 Chit. Pl. 177.

In Pennsylvania it is stated that there is no constructive possession in such case: Religious Cong. Society v. Baker, 15 Vt. 119; Barnstable v. Thacher, 3 Metc. 239; Dobbs v. Gallee, 4 D. & B. 568.

In Caldwell v. Walters, 22 Pa. 378, there was an action of ejectment with judgment for plaintiff, but no possession.

In Zell v. Ream, 31 Pa. 304, the facts show that defendant was placed in possession of the premises as the sheriff's vendee

by virtue of proceedings before two justices, of which plaintiff had notice.

In King & Shoenberger v. Baker, 25 Pa. 186, the court decided that " as a general rule, trespass quare clausum fregit can be sustained only by the person who had the actual possession when the injury was committed," and then proceeds to show that that case was an exception to the rule.

In Collins v. Beatty, 148 Pa. 65, it is decided that trespass quare clausum fregit cannot be maintained if defendant was in possession of the locus in quo when the alleged trespass was committed.

In Addleman v. Way, 4 Yeates, 218, it was decided that possession was essentially necessary to maintain trespass.

OPINION BY MR. JUSTICE WILLIAMS, Oct. 30, 1893 :

If this action was ejectment we should have no doubt that it was tried correctly so far as this record enables us to judge. It was trespass quare clausum fregit. To enable a plaintiff to maintain this action he must have the possession, actual or constructive, of the close which he alleges has been invaded. If the land entered by the trespasser is unimproved, possession will be presumed to accompany the title, and this constructive possession will support an action. If the land is improved, that fact shows that it is in the actual possession of some one. In such case the plaintiff cannot rest on his title, but must show his possession. In the case now before us the parties, plaintiff and defendant, owned and occupied adjoining lots in the borough of Blairsville.. Wilkinson bought a strip eight feet wide from Connell to add to his own lot. Connell ran off this strip and on the line so run began the erection of a brick building. When the building was up about one story, Wilkinson caused the line to be run, and discovered, as he alleges, that the rear end of Connell's building was three and one half inches over the true line, as it should be run, between them. This is as stoutly denied by Connell. The land measured off to Wilkinson he was in possession of. The land not measured off to him remained in the possession of Connell, and was built upon by him. If Wilkinson bought and paid for more land than has been turned over to him, he must recover it by his action of ejectment, in which action he will recover according

to his title without regard to the state of the possession. In trespass he must stand on his possession; and if Connell did not run the line in the right place, or turn over to him all that he was entitled to demand under his purchase, it follows that he is not, and has never been, in the actual possession of the land so withheld from him, and occupied and built upon by Connell.

The learned judge left the question of the plaintiff's possession to the jury. He said in answer to the defendant's fifth point: "We repeat, if the plaintiff was in possession of this ground at the date of bringing this suit, and his possession had been invaded by the defendant, he is entitled to recover." But at the date of the bringing of this suit the defendant's brick building was standing on the strip in controversy. The possession of Wilkinson had not been invaded because he had not taken possession of any land on Connell's side of the line as run and established by him, but Connell had remained in the actual, visible and exclusive possession of it in the preparation for and the erection of his brick building. There was no evidence that we are able to find in this record from which possession by Wilkinson could be found by the jury, and we think the question should not have gone to them.

The ninth, tenth, eleventh and twelfth assignments of error are sustained and the judgment is reversed.