164     115
f 33 SC 277

## James McGrew *v.* Hosea Harmon.

*Ejectment—Evidence—Recital in deed—Title.*

A recital, in the deed in the line of title under which both parties claim in an ejectment, that the grantor in the deed was seized of the title, is sufficient to warrant a finding that title was out of the commonwealth. .

*Warranty—Deed—Eviction.*

A grantee in a deed of general warranty who voluntarily surrenders possession of the whole of the land warranted to one who claims only a part interest in it, cannot recover damages from the warrantor as for an eviction from the whole tract on the theory that the entry of the disseizor was both for himself and his cotenants.

Argued April 30, 1894. Appeals, Nos. 365 and 386, Jan. T., 1894, by plaintiff and defendant, from judgment of C. P. Warren Co., Sept. T., 1890, No. 21, for plaintiff for only part of his claim, on trial by court. Before STERRETT, C. J., GREEN, MC-COLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit on general warranty in deed.

The following opinion was filed by NOYES, P. J.:

" By stipulation of the parties, trial by jury in this case was waived, and the case submitted to the court under the act of assembly.

" The plaintiff claims to recover damages for breach of the covenant of warranty contained in a deed from the defendant to one from whom the plaintiff derived title.

" The material facts are practically undisputed, and are as follows :

" By deed dated Dec. 15, 1881, the defendant, Hosea Harmon, and his wife, in consideration of the sum of $300, conveyed to one W. W. Wentworth a piece of land, part of tract No. 230, situated in Pittsfield township, Warren county, Pa., containing 74 acres or thereabouts, and inserted in the deed the following covenant of warranty: ' And the said party of the first part, his heirs, executors and administrators, do covenant, grant, bargain and agree to and with the said party of the second part, his heirs and assigns, that the above bargained premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against all and every person or persons lawfully claiming or to claim the same or any part thereof, and will forever warrant and defend.' (Sic.)

" 2. By deed dated Dec. 15, 1881, W. W. Wentworth conveyed the same premises to the plaintiff James McGrew, who, by deed dated Nov. 14, 1887, conveyed the same to David Warner, with covenant of warranty, and Warner entered into possession of the premises under the said deed.

" 3. At No. 47, Sept. T., 1888, an action of ejectment was brought in this court by one Eli B. Wentworth against David Warner, to recover the land described in the deeds referred to above ; on the trial of the case before a jury a verdict was rendered for the plaintiff for the undivided three fifths of the land described in the writ, but no judgment was entered upon the verdict. Afterwards, and before the bringing of this suit, Warner relinquished the possession of the land and Wentworth entered thereon under the title claimed by him in the ejectment. The defendant, Harmon, had no notice of the ejectment nor the claim of Wentworth before the surrender of possession by Warner. After the surrender of possession and before the bringing of this suit, the plaintiff, upon demand made by Warner, paid him $700, being the consideration paid by Warner to the plaintiff for the land conveyed as aforesaid. And Jan. 27, 1890, which was also after the surrender of possession and before the bringing of this suit, the plaintiff demanded of the de-

fendant the sum of $300, the consideration paid by Wentworth to the defendant at the time of the conveyance aforesaid.

" 4. June 11, 1858, Alfred and Edgar Huidekoper, executors of the last will of H. J. Huidekoper, deceased, conveyed the land described in the deeds, above referred to, to John McKinney, their deeds containing the following recital: ' That the said H. J. Huidekoper, by virtue of divers good conveyances and assurances in law, was in his lifetime lawfully seized in his demesne as of fee of and in the piece and parcel of land hereafter described,' etc.   The title thus conveyed became, in 1865, vested in the Chicago Petroleum & Mining Co., by which company it was conveyed to the defendant, Hosea Harmon, by deed dated Aug. 22, 1879, unless it had been previously divested by the sales for taxes hereinafter mentioned.

" In the years 1870 and 1871, there was assessed in Pittsfield township, Warren county, Pa., as unseated, a tract of land described as No. 230, containing 197 acres, owner unknown ; and said land was charged in each year with its proportionate amount of taxes.   The taxes upon 100 acres of said land were paid before sale by E. Livermore, and the balance, 97 acres, was sold to P. Falconer for taxes in arrears, and deed made and delivered to him by the treasurer accordingly.   On June 6, 1873, 44 acres were redeemed by the estate of E. Livermore. Similar assessments were made for the years 1874 and 1875. The taxes on 144 acres were paid before sale by the estate of E. Livermore, and the balance, 53 acres, was sold to P. Falconer, June 13, 1876, and deed made and delivered accordingly. It was conceded that the deeds, assessments and sales covered 53 acres of the land described in the deed from the defendant to Wentworth hereinbefore referred to.

" 6. P. Falconer, the purchaser at the tax sales, died in 1876, intestate, leaving surviving him seven children, two of whom died prior to 1887, unmarried, without issue and intestate. Three of the surviving heirs conveyed their interests in the land in question to W. I. Bachop in 1887, who conveyed the same interest to Eli B. Wentworth.   But in 1885, one of the three heirs so conveying to Bachop had conveyed all his interest in these with other lands to the same W. I. Bachop and Charles H. McCauley, jointly.   His deed therefore in 1887 passed no title as far as he was concerned.   And the actual

fractional interest vested in Bachop at the time of his conveyance to Eli B. Wentworth was but five tenths or one half.

" The questions arising upon the facts above found and which have been argued by the counsel, are the following :

" 1. Has the plaintiff shown that the title to the land in question at the time of the assessments of taxes in 1870, 1871, 1874 and 1875, was out of the commonwealth so as to subject it to taxation ?

" 2. Does the evidence identify the land sold and remaining unredeemed with the land sold by the defendant to Wentworth, and as to which he warranted the title ?

" 3. Has the plaintiff shown that David Warner was evicted from the possession of the land, the title to which was warranted by the defendant, by title paramount ?

" 4. It appearing that Eli B. Wentworth, by whom David Warner is alleged to have been evicted, had but the undivided half of the title, can the plaintiff in any event recover damages as for an eviction from more than one half the premises warranted ?

" The defendant, Harmon, not having been notified of the adverse claim to the land set up by Eli B. Wentworth against the tenant in possession, has heretofore had no opportunity of contesting that claim ; he is therefore in no way concluded by the proceedings in the ejectment suit of Wentworth against Warner. Nor do they even show a prima facie valid title in Wentworth, since no judgment was ever entered upon the verdict. It is incumbent upon the plaintiff therefore to show in this suit all that it would have been necessary for Eli B. Wentworth to show in order to recover the premises from Warner. It is not enough that Warner was evicted from the possession of the land, but it must affirmatively appear that he was so evicted by a title paramount to that conveyed by the defendant. Until this is done it is a matter of no importance whether Harmon, at the time of his conveyance, had any title or not. The plaintiff here must recover upon the strength of Eli B. Wentworth's title and not upon the weakness of that held by Warner under the defendant.

" In respect to the question of title, we regard the case as precisely the same as if Eli B. Wentworth were now seeking to establish his title against Warner in possession, and Harmon vouched in to defend that possession.

" The plaintiff gave no direct evidence of title out of the commonwealth. He did offer a survey and patent for the tract of land, but does not even claim that the land therein described can be identified so as to include the land in question. Unless the recital in the deed from the executors of Huidekoper to McKinney, to the effect that their testator was seized in his demesne as of fee, is evidence in favor of the plaintiff and against the defendant, there is no evidence of title out of the commonwealth, unless it may be safely assumed, as it is intimated by the present Chief Justice in Jones v. Bland, 112 Pa. 181, may sometimes be done. But if the recital may be regarded as such evidence it seems to me sufficient to establish that fact. It is in the nature of an admission or solemn declaration that before the date of the deed containing this recital the title was out of the commonwealth, since otherwise it could not have been vested in H. J. Huidekoper. The recital is undoubtedly evidence against the grantors in the deed and all their successors in title. It is not conclusive, amounting to an estoppel, except as against themselves and their privies and in favor of persons in privity with them. But when set up by a stranger, though not conclusive, it is evidence subject to be rebutted as other evidence may be, and, in the absence of any countervailing proof, is sufficient to establish the fact. Wharton on Evidence, sections 923, 1039, 1040 and 1041. In Strayer v. Johnson, 110 Pa. 24, it is suggested that a purchaser at tax sale is to be treated as in privity with the title divested by that sale, which may be so or not. I find, as a deduction from the recital in question, that the title to the land in controversy was out of the commonwealth at the date of the assessment and sale for taxes to Falconer.

" The assessment upon which the sale to Falconer rests included the whole tract of 197 acres, and therefore necessarily included the land in dispute. This is also a necessary postulate from the admission of the defendant's counsel that the land sold covered 53 acres of the land concerning which this controversy has arisen. The payment of taxes before the sale and the redemption of the land after the sale are matters which are proper to be shown in avoidance of a title under a tax sale. It is not necessary that one who claims under such sale should affirmatively prove the non-payment of taxes or the non-redemption

of the land. These are matters which the original owner must establish to relieve his land from sale.

" There is in this case no specific evidence locating and defining the land upon which the taxes were paid by Livermore, or which was redeemed for him after the first sale to Falconer. If the tract contained precisely 197 acres, it is possible that there was included in this payment or redemption some portion of the 74 acres, claimed by Wentworth. But in the absence of any evidence we cannot assume this to be so, nor locate what part, if any, of the 74 acres was redeemed. The assessment of the land, and the fact that taxes did not appear by the record to have been paid at the time of sale, is sufficient to sustain the tax title ; and the evidence failing to show that any part of this particular land was redeemed, or intended to be, we are constrained to hold that the tax title, under the first sale at least, was valid as to the entire piece of land.

" It follows from the foregoing conclusion that the title of Eli B. Wentworth was paramount to the title held by David Warner, at least as to the undivided one half. I am of opinion that the facts shown constitute an eviction in law, at least to the extent of the undivided one half of the land.

" The suit in the ejectment, though not even prima facie evidence of title in the plaintiff, there being only a verdict but no judgment thereon, was nevertheless a demand by Eli B. Wentworth upon Warner for the possession of the land. And it is well settled that a warrantee is not required to defend his possession until actually forced out before he can avail himself of the covenant of warranty ; he may yield to a mere demand for the possession, or to an ejectment, which is the legal and orderly substitute for an entry, without contest, only by so doing, and neglecting to vouch in his warrantor, he assumes the burden of showing that the title to which he yields is actually paramount to his own.

" Had Warner given notice to Harmon and defended the ejectment by showing everything which has now been shown in this action, he must have been evicted from the undivided one half of the premises.

" In my opinion, the plaintiff's vendee, Warner, having yielded to the demand of possession by Eli B. Wentworth, without notifying Harmon, can only claim to have been evicted to the

extent that he would have been had the case proceeded to judgment. . It is beyònd dispute that Wentworth could dispossess Warner only to the extent of the undivided one half. As to the other half there is no evidence that Warner's possession was ever lawfully disturbed. The owners of the other half of the tax title have never demanded possession, so far as the evidence shows, in any way ; nor did the exigencies of the case require it to be shown who the real owners of the title were at the time of Warner's eviction. For all that appears in the case, it may be that Warner himself or the defendant may be the owner : Bush v. Gamble, 127 Pa: 43.

" My conclusions of law, briefly stated, are as follows :

" 1. That the recital in the deed from the executors of Huidekoper to McKinney, is evidence that the title to the land in question had before that time passed out of the commonwealth.

" 2. That the records and other evidence given by the plaintiff do establish the assessment and sale of the land in question for taxes as unseated, and there is no evidence sufficient to establish either that the taxes upon any part of the land were paid before the sale in 1872, or that any portion of the land in question was redeemed from that sale.

" 3. That the facts shown by the plaintiff established in law an eviction of David Warner from such undivided part of the land in question as belonged to Eli B. Wentworth, under the tax sale.

" 4. That Eli B. Wentworth, at the time of the eviction of Warner, having but the undivided one half interest in the land in question, could evict Warner only to that extent, and therefore the plaintiff's recovery is limited to damages for the undivided half of the land. That under all the evidence, the plaintiff is entitled to recover one half of the consideration paid by W. W. Wentworth to the defendant, to wit : the sum of $150, with interest thereon from Jan. 27, 1890.

" Upon the whole case, I find that the plaintiff, James McGrew, is entitled to recover from the defendant, Hosea Harmon, the sum of $175, with interest thereon from this date, Nov. 6, 1893. And unless exceptions are filed judgment is directed to be entered accordingly."

On exceptions, the following opinion was filed by NOYES, P. J :

" The exceptions filed by the plaintiff complain of the rul-

ings of the court by which the plaintiff's recovery was limited
to the one half of the consideration, instead of the whole. It is
argued with much force and ability that the eviction of War-
ner was not by the action of ejectment, in which no judgment
was ever rendered, but by entry, and that the possession of
Wentworth, the owner of the undivided one half of the tax
title, will be presumed to be as well for the other owners, as
for himself.

" The covenant of warranty is a technical contract the mean-
ing of which is well established, and no real or fancied equity
in any particular case can justify a departure from the well
settled rules by which the rights and liabilities of the parties
to such a contract are to be measured. The covenant is not
broken by a failure of title, but only by an eviction of the cov-
enantee from the possession of the whole, or some part of the
premises by title paramount. Eviction implies that it shall be in-
voluntary. It need not be by legal process, nor by actual
force; but when the tenant voluntarily yields to an entry or
mere demand, without giving the warrantor an opportunity to
defend, he must show that had he not done so his eviction by
legal process was inevitable: Clarke v. McAnulty, 3 S. & R.
364; Knepper v. Kurtz, 58 Pa. 484.

" The evidence shows no demand for the possession from
Warner, except that made by Wentworth by the ejectment.
The other owners of the tax title have never asserted, and may
never assert it. Wentworth, as tenant in common, could re-
cover no more than his own purpart, and would then be in pos-
session jointly with Warner, and as tenant in common with
him: Freeman on Cotenancy, 343; Dewey v. Brown, 2 Pick.
387; Gray v. Givens, 26 Mo. 303; Dawson v. Mill, 32 Pa.
302. Warner might have had partition, and for all that ap-
pears in this case be still in the undisturbed possession of one
half of the warranted premises, had he seen fit to remain. It
does not even appear that this right would be questioned by
Wentworth should Warner now assert it. Under these cir-
cumstances I think the rules governing the rights of tenants
in common between themselves are not applicable; the cove-
nant upon which the suit is brought has been broken only as to
the half of the premises, and the exceptions on the part of the
plaintiff must be overruled, and judgment entered in accord-
ance with the former order of the court."

*Error assigned* by plaintiff, among others, was in not entering judgment for $300 instead of $175.

*Error assigned* by defendant, among others, was in finding that title was out of the commonwealth, and in entering judgment for plaintiff.

*D. I. Ball, C. C. Thompson* with him, for plaintiff.—The warrantee need not be evicted by legal process; it is enough that he has yielded possession to the rightful owner, or, the premises being vacant, that the rightful owner has taken possession: Clark v. M'Anulty, 3 S. & R. 364; Paul v. Witman, 3 W. & S. 407; Patton v. McFarlane, 3 P. & W. 419; Steiner v. Baughman, 12 Pa. 109; Stewart v. West, 14 Pa. 338; Knepper v. Kurtz, 58 Pa. 480; Wilson v. Cochran, 46 Pa. 229.

The entry of Eli B. Wentworth is presumed to be for his cotenants: Watson v. Gregg, 10 Watts, 289; Campbell v. Galbreath, 5 Watts, 425; Forward v. Deetz, 32 Pa. 69; Lodge v. Patterson, 3 Watts, 74; Bannon v. Brandon, 34 Pa. 263; Coal Co. v. Quick, 61 Pa. 340; Tulloch v. Worrall, 49 Pa. 140; Velott v. Lewis, 102 Pa. 327; Griswell v. Altemus, 7 Watts, 566; Law v. Patterson, 1 W. & S. 189; Graffius v. Tottenham, 1 W. & S. 492; Frederick v. Gray, 10 S. & R. 187; Kingston v. Lesley, 10 S. & R. 187; Keyser v. Evans, 30 Pa. 509.

All acts done by a cotenant, relating to or affecting the common property, are presumed to have been done by him for the benefit of himself and the others: Freeman on Cotenancy, §§ 166 and 167; Trickett on Limitations, § 61; Lodge v. Patterson, 3 Watts, 74; Bannon v. Brandon, 34 Pa. 263; Watson v. Gregg, 10 Watts, 289.

The recital in the deed from Huidekoper to McKinney, in the line of the title under which all parties interested claim, that H. J. Huidekoper, the common grantor, was in his lifetime seized in his demesne as of fee in the land in question, was an assertion that precluded a seisin in any other person but Huidekoper, and therefore excluded any seisin in the state: 2 Bl. Com. 104; Bouvier's L. Dict. 455.

*W. W. Wilbur, Wm. Schnur* with him, for defendant.—For plaintiff to maintain his suit he must show a title to the land

paramount to defendant's title, and an eviction of Warner under such paramount title, or a demand and assertion of title made to Warner, by the owner of the paramount title, the involuntary surrender of title by Warner, by reason of such demand of possession, and assertion of title, and entry of the owner and dispossession of Warner before suit brought : Wilson v. Cochran, 46 Pa. 229 ; Stewart v. West, 14 Pa. 336 ; Knepper v. Kurtz, 58 Pa. 480.

To support a tax sale, the title to the land must be shown to be out of the commonwealth, unless where both parties claim the land by tax sales, which is not this case : Stewart v. Shoenfelt, 13 S. & R. 369 ; Troutman v. May, 33 Pa. 459 ; Sergeant Land Laws, 223 ; act of April 27, 1855, P. L. 369.

It must be an admission precisely identifying the writing, in order to be admitted as evidence of such writing : Greenl. Ev. §§ 26, 96, 96a ; Naglee v. Ingersoll, 7 Pa. 185 ; Wells v. Sloyer, 1 Clark, 516 ; McLean v. Palmer, 2 Kulp, 349.

In order to recover, plaintiff must not only show a paramount title, but eviction of Warner by force of it : Patton v. McFarlane, 3 P. & W. 425.

As to the half not claimed by Wentworth, if there is a paramount title to that half, that alone is no breach of defendant's covenant, and cannot be until the owner of that half asserts his rights and demands possession of Warner, and Warner surrenders to such demand.   And then defendant should have his day in court to show the title asserted was not a paramount title, before he should be required to refund because of a breach of his covenant.

McGREW'S APPEAL.

OPINION BY MR. JUSTICE DEAN, Oct 1, 1894 :

After a careful examination of the assignments of error, on this appeal of James McGrew, we are of opinion the learned judge of the court below, in his findings of fact and conclusions of law, committed no error.   On the testimony, the court found there was no eviction of Warner by title paramount, from more than one half the land ; that, for all that appears, he could have remained in undisturbed possession of the other half.   In view of this finding of fact, to have held that the entry of Wentworth was constructively an entry for himself

and tenants in common with him to more than the undivided half, would have been error.

The opinions of the learned judge of the court below on the hearing and exceptions to his judgment, are full and to the point. They properly rule all the questions raised by this appeal. The assignments of error are overruled, the judgment is affirmed, and the appeal is dismissed at costs of appellant.

## HARMON'S APPEAL.

OPINION BY MR. JUSTICE DEAN, Oct. 1, 1894:

The learned judge of the court below, in a very clear and forcible opinion, properly disposed of all the questions raised on this appeal.

The recital in the deed from Huidekoper to McKinney, the common grantor of both parties, that he was seized in fee of the title, was sufficient to warrant the finding of fact of title out of the commonwealth. That was, in effect, an averment of title in Huidekoper, and therefore, necessarily, that the commonwealth had no title to land which both parties claimed under Huidekoper.

The assignments of error are overruled, the judgment is affirmed and the appeal is dismissed at costs of appellant.