# Hess, Appellant, *v.* Sutton.

*Trespass—Pleading—Possession of land—Evidence—Boundaries—Nonsuit.*

"Not guilty" is the only plea allowed by the act in an action of trespass and by it the plaintiff is put on proof of his possession, actual or constructive, as well as of the injury described in the declaration. Where the land is unimproved, possession will be presumed to follow the title. If the land is improved, that fact shows it is in the actual possession of someone, and in such case the plaintiff cannot rest on his title but must show his possession.

Where in an action of trespass for cutting timber it appears that plaintiff's deed described his land as "bounded on the north by unseated mountain land," and that there were no marks on the ground nor corners fixed, and it also appears that the plaintiff did not know where his north line was, a nonsuit is properly entered.

Argued Feb. 26, 1907. Appeal, No. 28, Jan. T., 1907, by plaintiff, from order of C. P. Luzerne Co., May T., 1905, No. 161, refusing to take off nonsuit in case of Hiram L. Hess v. Leo A. Sutton and William H. Freeman. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for cutting timber. Before FERRIS, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*A. Ricketts,* with him *Alex. Ricketts,* for appellant.—The defendants admit in their plea that they entered the close of the plaintiff and committed the acts complained of, but claim they are not guilty of trespass because they have the right of possession of said close, and declare they are ready to verify that

claim.   And the burden of proof of this is upon the defendants:
Olewine v. Messmore, 128 Pa. 470.

The land where the trespass was committed being unim-
proved, this title of itself would give him the constructive
possession, if there were nothing else in his case: Caldwell v.
Walters, 22 Pa. 378; Craft v. Yeaney, 66 Pa. 210; Enterprise
Transit Co. v. Oil Co., 20 Pa. Superior Ct. 127; Tustin v.
Sammons, 23 Pa. Superior Ct. 175; Wilkinson v. Connell, 158
Pa. 126.

*R. Laura Cannon*, for appellees, cited: Wilkinson v. Connell,
158 Pa. 126; Enterprise Transit Co. v. Oil Co., 20 Pa. Supe-
rior Ct. 127; Whitney v. Backus, 149 Pa. 29.

OPINION BY HENDERSON, J., April 15, 1907:

The plaintiff's action was trespass for cutting timber.   He
claimed title under a deed containing the following descrip-
tion: " Beginning at the northwest corner in Columbia county
line, bounded on the north by unseated mountain land, on the
east by land of Charles Wickham, thence on south and east by
lands of Casper Bailey, thence again on south by lands of
Casper Bailey, thence on west and south by land of William
Seward, and west by line of Columbia county.   Containing
116 acres of land, be the same more or less.   Being part of
larger tract of land surveyed in the warrantee name of Robert
Gray.   That is 96 acres thereof."   The preceding deeds
offered in evidence contained a description of the land sub-
stantially the same.   The important question in the case was
as to the location of the north line of the plaintiff's land.   It
was proved and not controverted that the land was on a rough
mountain side, uninclosed, and unimproved.   The plaintiff's
right to recover depended on his ability to show a line to
which his title ran or to which he was holding by occupancy.
We do not find in the record any evidence showing the loca-
tion of the plaintiff's north line.   The description " north by
unseated mountain land " could hardly be more indefinite.
No marks on the ground were established; no surveyor was
called to prove where the lines were and no corners were fixed.
The plaintiff, himself, did not undertake to state where his
line was.   In reply to the question, " Did you know exactly

where the north line of your land was?" he answered, "I never had it surveyed at that time. I just bought as it was handed down from one claim to the other, and I bought from John Miner Taylor the right, title and interest." On cross-examination, to the inquiry, "You say you don't know where your line is on the north?" he replied, "Only as it runs to un-seated land." He not only did not know where his own line was, but was also ignorant of the location of Wickham's north line, his northeast corner. Under the authority of Whitney v. Backus, 149 Pa. 29, the plaintiff was put upon proof both of his possession and of the trespass complained of. Notwith-standing the earnest argument of the learned counsel for the appellant we do not feel at liberty to disregard that case. It is entirely consistent with the Act of May 25, 1887, P. L. 271, establishing the plea in actions of trespass. "Not guilty" is the only plea allowed by that act in an action of trespass and by it the plaintiff is put on proof of his possession, actual or constructive, as well as of the injury described in the declara-tion. Where the land is unimproved, possession will be pre-sumed to follow the title. If the land is improved, that fact shows it is in the actual possession of someone, and in such case the plaintiff cannot rest on his title but must show his possession: Wilkinson v. Connell, 158 Pa. 126. The appel-lant contends that both actual and constructive possession were established, as a part of the plaintiff's land contained a dwelling house, a barn and other improvements. The actual occupancy of part of the premises does not aid, however, in de-termining the extent of the plaintiff's holding. In the absence of some data from which the jury could ascertain how far north the plaintiff's land extended it would be impossible to declare whether the defendants had committed a trespass or not. We do not find any evidence in the case from which it could be determined that the trees cut by the defendants were on the plaintiff's land.

The judgment is affirmed.