# Trexler *v.* Africa, Appellant.

*Ejectment—Evidence—Articles of agreement.*

1. Where in an action of trespass it appears that the plaintiff's title had its inception in an article of agreement, and no question is raised as to the title of the vendors at the date of the agreement, and there is no dispute as to the execution and delivery of the agreement, such paper is properly admitted in evidence.

*Deeds—Recitals—Parties—Partnership.*

2. In an action of trespass where a deed in the plaintiff's line of title shows a conveyance from a man and wife to a grantee having a name, which is in form a partnership name, a recital in a deed from the same husband and wife to the plaintiffs to the effect that the wife was the sole and only person interested in the alleged partnership, and that she traded and did business by that name, is admissible to show that the conveyance to the supposed partnership was in fact only a conveyance to the wife. If the defendant in the ejectment is a purchaser at a treasurer's sale he is in privity in title with the record owner and is therefore bound by the recital.

3. In such a case another reason for admitting the deed in evidence is that the deed to a grantee which was a mere partnership name or fictitious name, vested no legal title in the grantee, but it remained in the grantors, and when they subsequently executed the deed to the plaintiffs, the latter became vested with a legal title.

*Taxation—Tax on lands—Statements to treasurer—Evidence—Party dead.*

4. In an action of trespass a conversation between plaintiff, the owner of the land and treasurer as to the unpaid taxes on the land, is admissible in evidence. If the plaintiff makes an honest effort to ascertain what taxes are unpaid on the land and to pay the same, mistaken statements by the treasurer cannot affect his rights in the land. In

such a case the fact that the treasurer was dead at the time of the trial will not render the plaintiff an incompetent witness.

Argued Oct. 29, 1909.   Appeal, No. 122, Oct. T., 1909, by defendants, from judgment of C. P. Huntingdon Co., Sept. T., 1903, No. 33, on verdict for plaintiffs in case of Jacob F. Trexler and John L. Trexler v. J. Murray Africa and John Edelblute.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to lands. Before WOODS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $2,000.   Defendants appealed.

*Errors assigned* were (1–4) rulings on evidence sufficiently set forth in the opinion of the Superior Court, and (5) refusal to rule that John L. Trexler had been rendered an incompetent witness by the death of the treasurer.

*Jas. S. Woods* and *Thomas F. Bailey*, with him *J. H. Longenecker* and *W. H. Woods*, for appellants.—The recital was improper as evidence: Crooks v. Bunn, 136 Pa. 368; Hamsher v. Kline, 57 Pa. 397; Milne v. Cummings, 4 Yeates, 577; Murphy v. Loyd, 3 Whart. 537; Bonaffon v. Peters, 134 Pa. 180.

*H. H. Waite*, with him *C. C. Brewster*, for appellees.— The recital in the deed was sufficient to warrant the court in admitting the deed: Ayres v. McConnel, 15 Ill. 230; Devinney v. Reynolds, 1 W. & S. 328; McGrew v. Harmon, 164 Pa. 115; Hamsher v. Kline, 57 Pa. 397; Bonaffon v. Peters, 134 Pa. 180; Penrose v. Griffith, 4 Binn. 231; Garwood v. Dennis, 4 Binn. 314; James v. Letzler, 8 W. & S. 192.

OPINION BY MORRISON, J., April 18, 1910:

This is the third time this case has been before us on appeal. We reversed the first judgment in Trexler, Appellant, v. Africa, 27 Pa. Superior Ct. 385, and the second one in Trexler, Appellant, v. Africa, 33 Pa. Superior Ct. 395. The appearance docket entries show that there was another trial, which did not reach us because the jury disagreed and there was, therefore, no judgment entered as a result of that trial. The present judgment is for $2.00 in an action of trespass alleged to have been committed on a tract of unseated land, and it would seem high time that this controversy should come to an end.

The first assignment of error raises a question as to the competency of an article of agreement, dated October 18, 1897, between sundry parties who then owned the locus in quo, and John L. Trexler and Jacob F. Trexler, appellees. This appearing to have been the inception of the appellee's title, and no question being raised as to the fact that the title was, at the date of said agreement, in the grantors therein, we are of the opinion that the learned court did not err in admitting said articles of agreement in evidence. No question was raised as to the execution and delivery of the said articles. The first assignment is not sustained.

The second assignment is not without difficulty. By Mr. Brewster, for plaintiffs: "We now offer deed from Levi L. Fritch, Jr., and Sarah S., his wife, to John L. Trexler and Jacob F. Trexler, the plaintiffs, dated September 13, 1889, and recorded on January 17, 1901, in the Recorder's Office of Huntingdon County, in Deed Book 'R,' No. 4, page 188, conveying the tract of land in Walker Township, as described in the plaintiffs' statement, inter alia, containing the following recital: Being the same two tracts of land which Levi L. Fritch, Jr. and Sarah S. Fritch, his wife, by deeds dated the 4th day of August A. D. 1894, and recorded in the office for the recording of deeds in and for the County of Huntingdon, in Deed Book 'G,' No. 4, page 184, etc., did grant and convey unto the said Sarah S. Fritch (one of the parties of the first part therein and one of the parties of the first part in these

presents) under and by the name of the American Stave & Lumber Company, as grantee, she, the said Sarah S. Fritch, being the sole and only person interested in said the American Stave & Lumber Company, trading and doing business by that name."

By Mr. Bailey: "It is objected that it appears by the title already in evidence that Levi L. Fritch, Jr., and Sarah, his wife, parted w'th the real estate described in the plaintiffs' statement on the 4th day of August, 1894, and there is no evidence of a reconveyance to Sarah S. Fritch or Levi L. Fritch, Jr., the grantors in the deed just offered in evidence; this deed, therefore, dated the 13th of September, 1899, recorded in Deed Book 'R,' No. 4, page 188, is objected to as immaterial and incompetent to prove title in the plaintiffs, and the recital contained in the deed just offered is not evidence to show title in Sarah S. Fritch or to show her identity with the American Stave & Lumber Company, the presumption of law being that when she conveyed this property to the American Stave & Lumber Company, she conveyed to some person other than herself, because the law does not presume that one person conveys property to herself."

The court below overruled the objection, admitted the evidence and sealed a bill of exceptions for defendants. Mr. Brewster, for plaintiffs, stated: "We offer it now for the purpose of showing that Sarah S. Fritch was the only person interested in and was the American Stave & Lumber Company." This was again objected to by Mr. Bailey on the ground that the recital was not evidence that Sarah S. Fritch was the American Stave & Lumber Company. This objection was overruled and another bill of exceptions sealed for defendants. Counsel for the plaintiffs argue earnestly that the recital in the deed was prima facie evidence that the conveyance to the American Stave & Lumber Company was only a conveyance to Sarah S. Fritch and therefore that the subsequent conveyance by Levi L. Fritch, Jr., and said Sarah, his wife, vested a good title in the plaintiffs.

In support of this position counsel cite 13 Cyc. 611, id. 621, id. 613; Ayres v. McConnel, 15 Ill. 230, and Devinney v. Rey-

nolds, 1 W. & S. 328, "That the recital in a treasurer's deed for unseated land, that a bond was given for the surplus purchase money, is prima facie evidence of the fact, and sufficient for the purpose, unless rebutted by other testimony." Counsel also say: "The general rule is that a recital of a fact in a deed is evidence against the grantor, and all persons claiming by title derived from him subsequently, but is not evidence against one, who claims by title derived from a grantor prior to the deed which contains the recital." Citing Penrose v. Griffith, 4 Binn. 231, and other authorities. "A recital, in the deed in the line of title under which both parties claim in an ejectment, that the grantor in the deed was seized of the title, is sufficient to warrant a finding that title was out of the commonwealth:" McGrew v. Harmon, 164 Pa. 115; also citing Hamsher v. Kline, 57 Pa. 397.

The learned counsel contend earnestly that the defendants have no standing to raise this question because they do not claim to hold a title under the American Stave & Lumber Company, nor do they show, nor does it appear, that any other person claims title or right of possession under that company. But the rule of law in ejectment, and by analogy in trespass on unseated lands, is that the plaintiff must show title in order to vest in him such legal possession as will entitle him to recover in trespass as to land which is not in his actual possession. Therefore, if said conveyance to the American Stave & Lumber Company establishes a legal title to the locus in quo, outstanding, and not vested in the plaintiffs, we are not convinced that they could recover in trespass resting upon said recital in the Fritch deed, alone, unless the defendants can be said to be privies to the title under which the plaintiffs claim. But is a purchaser at treasurer's sale a privy in title as to the person in whom the paper title appears to be vested? In Strayer v. Johnson, 110 Pa. 21, Mr. Justice STERRETT, in delivering the opinion of the Supreme Court, said: "A purchaser at sheriff's sale, for example, is in privity to the defendant's title; and, for like reason, we have no doubt a purchaser at treasurer's sale is in privity to the title, if any, that is divested by the sale and passes to him."

In McGrew v. Harmon, 164 Pa. 115, which was tried by the late Judge Noyes of the Warren and Forrest county district, we note the following, by Judge Noyes: "In Strayer v. Johnson, 110 Pa. 21, it is suggested that a purchaser at tax sale is to be treated as in privity with the title divested by that sale, which may be so or not." Judge Noyes was affirmed in his judgment in that case, but the Supreme Court did not comment upon the question of privity in title.

The treasurer's sale under which the defendants claim was made on June 13, 1898, and of course it did not become absolute for two years from that date. Now the deed containing the recital was executed and delivered on September 13, 1899, and, therefore, if a purchaser at treasurer's sale is in privity to the title, if any, that is divested by the sale and passes to him, we do not see how these defendants can escape the effect of said recital.

But there is another ground upon which the second assignment of error can be disposed of adversely to the appellants. In 30 Cyc. 431, it is said: "A deed to a partnership in its firm name is not void, for while a partnership, as such, cannot be the grantee at law in a deed, or hold real estate because it is not a person either in fact or in law, and while, therefore, a conveyance of real estate to a partnership in its firm name fails to carry the legal title to the land, such a conveyance does vest an equitable estate in the firm. Where the firm style contains the surnames of all the partners, a conveyance to the partnership in such style is generally held to pass the legal title to the individuals for the firm. If, however, the firm style contains the surnames of one, or more, but not of all the partners, it has been held that a conveyance to the partnership in such style vests the legal title in the partner or partners, whose names appear, but in trust for the firm; and such named partners can convey a valid title to the property." See also Burns v. McCabes, 72 Pa. 309.

It does not appear in the record that the American Stave & Lumber Company was a corporation. It must, therefore, have been a partnership name or a fictitious name, and under the above quoted authority, the conveyance by Fritch and

wife by the deed of August 4, 1894, to the American Stave &
Lumber Company did not vest the legal title to the land
therein described in that company, because it had no such
legal existence as would entitle it to be a grantee in a deed of
real estate. This left the legal title still in Fritch and wife,
and their subsequent deed of September 13, 1899, to the
plaintiffs, vested the legal title in the latter and, therefore,
they could maintain the present action in trespass against
the defendants who were wrongdoers: Enterprise Transit
Co. v. Hazelwood Oil Co., 20 Pa. Superior Ct. 127; Wilkinson
v. Connell, 158 Pa. 126. We need not discuss the question
whether the deed to the American Stave & Lumber Company
vested an equitable title in that company, because there is
no one in possession of the locus in quo claiming under such
title, and it is not the rule of law that an equitable title au-
thorizes the holder of it to go into possession of land without
additional authority to take possession. The second assign-
ment of error is overruled.

We see no merit in the third assignment. When the de-
fendants went to the treasurer's office to inquire about the
taxes on L. L. Fritch, otherwise the William Smith tract, and
the taxes on the John Patton tract, they were strangers to
the title to these tracts of land, and what they said to the
treasurer and what he said to them in answer to their ques-
tions as to whether the taxes had been paid on said lands, was
wholly immaterial, irrelevant and incompetent as to any
issue raised in the present case. When John L. Trexler asked
the treasurer for the unpaid taxes on the lands in question,
he was one of the owners of said lands and what the treas-
urer said to him was competent evidence and it could not be
contradicted in the manner proposed in the third assignment.
We see no merit in the fourth assignment. The complaint
is that the court erred in the answer to defendant's first
point. We think the answer is substantially correct, and in
view of the very explicit and careful instruction given by the
court on that question, in the general charge, we cannot see
how the language used in the answer to the point could have
misled the jury. The court in the general charge said: "This

however makes no difference if you believe that John L. Trexler on that date asked the treasurer for the amount of taxes on both tracts in order to pay them; it was the treasurer's duty to inform him of the correct amount due when he asked for it, and if the treasurer made a mistake and only gave him the amount due on one tract, and you believe John L. Trexler was honestly endeavoring to pay on both, then it was a mistake on the part of the treasurer and the treasurer's sale would be void." Again the court said: "The only question after all, gentlemen of the jury, for you to consider is, Did John L. Trexler make an honest effort to pay these taxes? If you believe his testimony that he did, your verdict should be for the plaintiffs; if you do not believe his testimony, your verdict should be for the defendants. If you find for the plaintiffs, allow them the amount you believe they are entitled to under the evidence. If you find for the defendants, you verdict should be simply, We find for the defendants."

There is no merit in the fifth assignment of error. The fact that the treasurer is dead did not render John L. Trexler an incompetent witness as to what occurred between himself and the deceased treasurer when Trexler was endeavoring to pay the taxes on the lands in question. The fifth assignment is not sustained.

When this case was here before we said all that we deemed necessary as to the law governing the questions that have not been discussed in this opinion: Trexler v. Africa, 27 Pa. Superior Ct. 385; Trexler v. Africa, 33 Pa. Superior Ct. 395.

The assignments of error are all overruled and the judgment is affirmed.