## Brown *v.* Engle, Appellant.

*Mechanics' liens—Original owner—Subsequent purchaser—Filing of liens—Sufficiency.*

A mechanic's lien which sets forth the name of the person with whom the contract was made and the name of the owner of the premises at the time the lien was filed, is sufficient. The fact that the judgment was entered against the last owner only is not material. The lien does not create a personal liability, and the court could at any time order an amendment by substituting the original owner as a party defendant.

Argued November 10, 1920. Appeal, No. 303, Oct. T., 1920, by defendant, from judgment of C. P. Lancaster County, Feb. T., 1920, No. 63, on verdict for plaintiff in the case of J. W. Brown, trustee, in bankruptcy of Thomas Humphreville v. C. G. Engle. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Scire facias sur mechanic's lien. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $22.80 and judgment thereon. Defendant appealed.

*Error assigned* was refusal to direct a verdict in favor of the defendant.

*F. Lyman Windolph,* for appellant.—The lien was not properly filed because the original owner was not named with the defendant: Breitweiser Co. v. Scott, 33 Pa. Superior Ct. 627; Hiestand v. Keath, 229 Pa. 149; O'Kane v. Murray, 252 Pa. 60.

*H. B. Lutz,* for appellee, filed no printed brief.

OPINION BY HENDERSON, J., March 5, 1921:

This proceeding originated in a mechanic's lien filed to recover the balance due on a contract for installing the plumbing in one of the several dwelling houses erected by Henry B. Hook who was at the time the owner of the property. The work was begun May 5, 1917, and was completed May 10, 1918. On June 17, 1918, Hook conveyed the property to C. G. Engle who was named as owner or reputed owner in the caption of the mechanic's lien. The balance claimed was $20. At the trial the appellant asked the court to charge that under the law and the evidence the lien in this case was improperly filed; that the verdict of the jury should be in favor of the defendant. The point was refused, and this action of the court is made the subject of complaint. The position taken by the appellant is "that the lien should have been filed and prosecuted to judgment against Hook and the appellant, and not against the appellant alone." The consideration of the case will be clarified by keeping in mind that the lien is not filed against the individual, but against real estate. The second section of the Act of 1901 provides that "every structure or other improvement and curtilage appurtenant thereto shall be subject to lien for the payment of all debts due to contractors," etc. The 11th section as amended by the Act of April 17, 1905, P. L. 172, prescribes what shall be set forth in the statement of claim. It must contain: (1) The name of the party claimant and of the owner or reputed owner of the building, and also of the contractor, architect or builder; (2) The amount or sum claimed to be due and the nature or kind of the work done, or the kind and amount of materials furnished, or both, and the time when the materials were furnished, or the work done, or both, as the case may be; (3) The locality of the structure or other improvement with such description thereof as may be necessary for the purpose of identification, and a description of the real estate upon which the same is situate. The statements required are fully

and sufficiently set forth in the claim filed. It is recited that H. B. Hook was the owner of the property at the time he contracted with the claimant for the performing of the work, and that the present owner is C. G. Engle who acquired title by deed dated June 17, 1918. It appears therefore that the name of the owner at the time the contract was entered into and the name of the owner when the lien was filed are correctly stated; also the name of the party with whom the claimant contracted and a copy of the agreement appended. If the name of H. B. Hook had been included in the caption, we think the criticism would probably not have arisen, but that is a clerical matter and does not affect the validity of the lien. The important thing is that the name of the owner of the structure and the name of the party with whom the claimant contracted be set forth in the lien, and this was done. Whether the owner with whom the contract was made or the owner of the premises at the time the lien was filed should be named is perhaps not material under the decision in Fourth Avenue Baptist Church v. Schreiner, 88 Pa. 124, where it was said that the claimant might have named the party owning the ground at the time of filing. Our attention has not been called to any change made by the Act of 1901 or its supplements in this respect, but in the lien before us both of the owners were named and therefore we think the objection is not well taken. Moreover the twenty-fourth section of the act provides that the claimant may by writing filed at his costs strike off the name of any defendant therein and may substitute as a defendant, and issue a scire facias against any person who may have acquired an interest as owner after the time of the contract; and in section 51 it is provided: "That if the names of the owner and contractor be correctly stated and the description of the property be reasonably accurate, the claim shall be sufficient notice to the owner, purchasers, and lien creditors, though it may have to be amended in other particulars." Under these sections

we do not doubt the authority of the court to add the name of Henry B. Hook as a party defendant in the caption of the lien if that were necessary and that could have been done at any stage of the trial. We think, however, that the lien as filed complies with the act of assembly as to the recital of facts. The proceeding does not create a personal liability against the appellant: Vulcanite Portland Cement Co. v. Allison, 222 Pa. 382. We are unable to see that his interest is in any wise prejudiced by the omission of the name of Mr. Hook, as a defendant; nor are we convinced that it was necessary to insert his name to sustain the validity of the lien.

The judgment is affirmed.