## Connolly v. Fierman.

*Mechanic's lien—Defects—Absence of required names—Amendment.*

1. The Act of April 17, 1905, P. L. 172, requires that the names of the party claimant and those of the owner of the building and of the contractor, architect or builder be set forth in a mechanic's lien.

2. Failure to name the owner or contractor is not subject to amendment.

Rule to strike off lien. C. P. Luzerne Co., March T., 1925, No. 8.

*William J. Fahey,* for plaintiff; *Mose H. Salsburg,* for defendant.

McLEAN, J.—Plaintiff filed a mechanic's lien; thereupon defendant obtained a rule to show cause why the lien should not be stricken off because of defects apparent upon the face of the lien.

The lien fails to set forth the name of the person with whom the contract was made.

The Act of April 17, 1905, P. L. 172, provides in section 2, par. 1, that the lien shall set forth "the names of the party claimant, the owner or reputed owner of the building, and also of the contractor, architect or builder." In construing this requirement the Superior Court has stated: "The important thing is that the name of the owner of the structure and the name of the party with whom the claimant contracted be set forth in the lien:" Brown *v.* Engle, 75 Pa. Superior Ct. 592-594.

This defect goes to the substance of the lien and no authority for supplying this fact by amendment in this particular is afforded by section 51 of the Mechanics' Lien Law, *supra,* to the effect "that if the names of the owner and contractor be correctly stated and the description of the property be reasonably accurate, the claim shall be sufficient notice to the owner, purchasers and lien creditors, though it may have to be amended in other particulars." From the phrasing of this section it plainly appears that the failure to set forth either the name of the owner or the contractor would not be a subject of amendment. Accordingly, rule to strike off lien absolute.

From Frank P. Slattery, Wilkes-Barre, Pa.