## Green v. Heilbron

*Albert E. Holl, Jr.* and *William Taylor, Jr.*, for plaintiff.

*Elgin E. Weest*, for defendant.

TOAL, J., March 14, 1950.—This case is before the court on a petition to amend a mechanic's lien under the provisions of section 51 of the Act of June 4, 1901, P. L. 431, 49 PS §243. The answer to the petition states that a mechanic's lien is purely and solely a right given by statute and that plaintiff has no right of law to amend the said lien. The matter has been argued before the court en banc upon written briefs filed by both sides and is now ready for a decision.

Section 51, supra, of the Mechanic's Lien Act provides:

"Any claim . . . may be amended from time to time . . . by leave of the court, upon petition for that purpose, under oath or affirmation, setting forth the amendment desired. . . . Such amendment shall be of right, saving intervening rights; except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute

. . . a wholly different party as the defendant with whom the claimant contracted . . . but the name of such defendant may be amended so as to be made more accurate . . ."

Paragraph 1 of the claim as filed is as follows: The name of claimant is Edward S. Green. The owner of the property at the time of the furnishing of the material and labor and the attaching of the lien therefor was the aforesaid Tillie T. Heilbron. The prayer of the petition to amend the lien is that the word "equitable" be permitted to be added to said paragraph immediately preceding the word "owner" so as to designate Tillie T. Heilbron as "equitable owner" and not owner of record.

The petition also avers "that the said title was held under a dry trust for the benefit of Tillie T. Heilbron," which is not denied by defendant and must be taken as admitted on the record.

We are of the opinion that the amendment should be allowed as no attempt is being made to substitute a wholly different party as defendant with whom claimant contracted. The desire is to describe more accurately the estate of the same defendant named originally in the lien as filed.

An amendment in the names of the parties may be allowed after the time for filing has expired, when the effect is merely to make the claim more specific: Jennings v. Brooks, 1 Kulp 425; Nichols v. Maloney, 5 Kulp 149; an amendment may be made by adding the name of an equitable plaintiff and therefore why not the name of an equitable defendant: Miller v. Shirk, 6 Lanc. Bar 189. The lien does not create a personal liability, and the court can at any time order an amendment by substituting the original owner as a party defendant: Brown v. Engle, 75 Pa. Superior Ct. 592; DeArmond v. Haviland, 35 Montg. 81.