## Burns and Stevenson *versus* McCabe.

1. B. contracted for the purchase of oil-land from S. and sold shares with the purpose of obtaining an incorporation of a company. The vendor conveyed to "The Middletown Oil Company," no such company having been incorporated. The deed passed no title.

2. M. bought a share of B., who gave a receipt for $250, "first instalment one share on oil-land purchased by B., in St. Clair, on Beaver Creek, Smith's Ferry." *Held*, M. obtained no title to any part of the land.

3. M. sued B. to recover the $250 paid by him, on the ground of misrepresentation. *Held*, that tender of a reconveyance by B. before action was not necessary.

4. M., having rescinded the contract, and the jury having found it invalid, he had no title to any of the land, and had therefore nothing to reconvey.

5. M., by his rescission and recovering the money, was estopped from asserting title to the land.

6. The acts and declarations of one of several parties acting in concert in an illegal transaction for their joint benefit are the acts and declarations of all.

7. Several persons subscribed and paid for stock as M. did, and at the same time. *Held*, the individual contract of each, and on rescission each must sue alone.

8. Babcock *v.* Case, 11 P. F. Smith 427 ; Simons *v.* Vulcan Co., Id. 202, followed.

November 11th 1872.　Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the District Court of *Allegheny county :* No. 46, to October and November Term 1872.

This was an action of assumpsit brought to August Term 1867, by William P. McCabe against John Burns and Samuel Stevenson.

The declaration was that the defendants represented to the plaintiff that they had entered into an agreement with Daniel Smith to purchase from him a piece of oil-land, of 8 acres, in Columbiana county, Ohio, for $26,000, and that they desired to form a company to pay for said land and complete said purchase, the terms of which were one-half cash and one-half in seven months ; that on these representations the plaintiff agreed to become a purchaser with the defendants, and others, of the said land, and to take one share of $500 in the company so formed, one-half to be paid in cash, and the other half in seven months ; in pursuance of this agreement the plaintiff paid the defendants $250, and gave his note for $250, payable in seven months. The plaintiff averred that the representations were untrue ; that the land was not good oil territory, was not situated in the place represented, and that defendants had not agreed to pay Smith $26,000, but only the sum of $4000, and therefore an action had accrued to the plaintiff to have from the defendants the said sum of $250.

The case had been before tried and the judgment reversed in the

[Burns *v.* McCabe.]

Supreme Court.   It is reported as McCabe *v.* Burns, 16 P. F. Smith 356.

On the trial of the case, November 20th 1871, before Kirkpatrick, J., the plaintiff gave evidence by Alfred McCabe, that about the 17th of January 1866 there was a meeting, at a school-house, of certain persons of Moon township, at which Burns, one of the defendants, was present; the plaintiff also was present, and a number of other persons.   Burns represented that he and Stevenson had a piece of property at Smith's Ferry, bought from Daniel Smith. He said it lay on Little Beaver creek, "opposite the tree derrick." He said they were to pay $26,000 for it, $3200 per acre; they had got it for their neighbors, and were getting up a company, and did not want any one in but their friends, and they gave it at the cash price of the property; the plaintiff then agreed to subscribe. There was a meeting on the 27th of January, at the school-house, for the purpose of getting up the Middletown Oil Company; both Burns and Stevenson were present; the $250 was then paid.   A committee was appointed to examine the property; it was not located where it had been represented, and was not on the creek. Burns afterwards said they had given but $16,000 for the property. There were to be 52 shares.

Richard Gracey testified that Burns said the land had been sold to the Middletown Oil Company.

W. P. McCabe, plaintiff, testified, that he subscribed for a share of stock in the Middletown Oil Company, and paid $250 at Middletown, at the school-house, and gave a note for $250.   The money was paid to Burns, who handed it to Stevenson; he delivered the receipt to plaintiff; the receipt was:—

"Moon Township, Jan. 27th, 1866.

"Received of W. P. McCabe, two hundred and fifty dollars, the first instalment, one share, on the oil-lands purchased by John Burns and Samuel Stevenson, located in St. Clair township, Columbiana county, state of Ohio, on the Little Beaver creek, Smith's Ferry.

"$250.00                                        JOHN BURNS,
                                              SAMUEL STEVENSON."

Much evidence was given on the question of misrepresentation by the defendants.

The plaintiff proposed to file a quit-claim deed to defendants of any interest he might have in the lands of the Middletown Oil Company, and the deed was filed by leave of the court, under objection and exception by the defendants.

There was in evidence a deed, dated March 1st 1866, from Daniel Smith to the "Middletown Oil Company, their heirs and

[Burns *v.* McCabe.]

assigns," for the land in question, the company having never been incorporated, nor having any articles of association.

There was evidence that the plaintiff gave notice to Burns that he rescinded the contract, and had demanded from Burns the repayment of the money; this was before bringing the suit.

The defendants gave evidence, that at the meeting at the school-house, January 27th 1866, the persons who had before subscribed for stock organized a company and elected a president, treasurer and secretary and a manager.

There was evidence also, in answer to the plaintiff's evidence as to misrepresentation, and generally to the plaintiff's case.

There were exceptions to admission of evidence offered by the plaintiff not necessary to notice.

The following are plaintiff's points, with their answers:—

1. The conveyance in evidence from Daniel Smith to Middletown Oil Company, date March 1st 1866, passed no title for the land described therein from Daniel Smith, if the jury find from the evidence that the said company never was incorporated.

Answer: "The first point is affirmed. The land purchased by the defendants was conveyed to the 'Middletown Oil Company,' and if the jury find that this Middletown Oil Company was not incorporated, no estate passed by the conveyance, and the legal title still remains in the grantor."

2. If the jury believe, from the evidence, that the Middletown Oil Company never has been incorporated, then, no title to the land described in said deed, in evidence of March 1st 1866, passed by said deed to the plaintiff.

3. If the jury believe, from the evidence, that it was a share of stock in a company to be formed and incorporated, for which plaintiff subscribed, then, no title passed to said plaintiff by the deed in evidence.

Both these points were affirmed.

5. If the jury believe from the evidence that Samuel Stevenson and John Burns joined in the purchase from Smith, and jointly received the money paid by plaintiff and others, and jointly applied it to the payment on the land to Smith, and acted jointly in getting up the company, then, all the acts and declarations of John Burns, made when soliciting the subscription from plaintiff, are as binding upon the other defendant, Samuel Stevenson, as if he had been present assenting thereto.

Answer: "The fifth point is affirmed, under the state of facts suggested in and by this point the acts of any one of these defendants are the acts of the other, and so binding upon both."

8. If plaintiff was induced by fraudulent representations of defendants, or either of them, to enter into the arrangement and pay his money, and no title has ever passed to plaintiff, then he is entitled to recover back his money.

[Burns *v*. McCabe.]

Answer: " The sixth point is affirmed, only, however; and if you further find that the plaintiff was prejudiced and injured by these fraudulent representations, and further, that as soon as he discovered fraud or deception, or lie, as you may choose to call it, or within a reasonable time thereafter, he discovered and disapproved the contract, and gave the defendants to understand, and how by words or acts, or both, that he would not be bound by it; in a word, that he did not play 'fast and loose,' waiting to see whether his venture was a success or a failure, and promptly upon discovering the wrong that had been put upon him, rescinded the contract, and notified the defendants that he would not stand to or be bound by it; if, and unless you find these additional facts, the point is refused."

The following are points of defendants, and their answers:—

4. If you believe that the plaintiff, McCabe, and others associated with him as the Middletown Oil Company, with the knowledge that they had not been incorporated, accepted the deed of land from Smith, made to the " Middletown Oil Company, their heirs and assigns," and with that knowledge on the part of McCabe, and with his assent the said associates, the plaintiff included, continued to exercise ownership over, or to bore for oil on said land, and proceeded to stock out a portion thereof to other parties and to sell stock therefor, or used the money derived from such stocking out in boring on the Smith land, the plaintiff had such an interest in the land as made it his duty to tender to defendants a reconveyance or release of his interest in or right thereto before he could bring this action; and not having done so, your verdict must be for the defendants.

Answer: " If the plaintiff took no legal title or estate by the deed of Smith and wife to the ' Middletown Oil Company,' neither one or all of the acts suggested or enumerated in this point could or would give him such title or estate to this land as would render a reconveyance or transfer by him to the defendants necessary before his right to this action could accrue. Provided he had it on other and substantial grounds—in other words, if his right of action was complete without this reconveyance, the fact that he did not first reconvey under the facts stated in this point would be no legal bar to his right to recover in this action."

" 6. If you believe, from the evidence, that the plaintiff and others associated themselves together as the Middletown Oil Company, for the purpose of purchasing land and boring for oil, and that the defendants were the agents of the said company in the purchase of land from Smith, then any fraud or deception that may have been practised in such purchase would be a fraud on the company, and not on the plaintiff alone, and all the members of the company should have been joined as plaintiffs in this action; and that this

[Burns *v.* McCabe.]

not having been done, the plaintiff cannot recover here, and your verdict must be for the defendants.

Answer: " The sixth point is refused."

The verdict was for the plaintiff for $337.50.

The defendants removed the record to the Supreme Court and assigned for error the answers to the points of the parties, and the admission of plaintiff's offers of evidence.

*J. H. Bailey* and *T. M. Marshall,* for plaintiff in error.

*J. Barton* and *R. Woods,* for defendant in error.

The opinion of the court was delivered, January 6th 1873, by

WILLIAMS, J.—The plaintiff below subscribed for a share in the oil lands purchased by the defendants, "located in St. Clair township, Columbiana county, state of Ohio, on the Little Beaver creek, Smith's Ferry," and paid them one-half of the price in money and gave his note, payable at a future day, for the residue. He refused to pay the note after it became due, and, upon the defendants' refusal to refund the money which he had paid, brought this action to recover it back, on the ground that they had been guilty of such fraud as justified him in rescinding the contract. Under the instructions of the court, the jury found that the plaintiff was induced to enter into the contract by the false and fraudulent representations of the defendants as to the location, value and consideration paid for the land, and that, upon discovering the fraud, he rescinded the contract and gave them notice that he would not be bound by it; and in accordance with this finding they returned a verdict in his favor for the amount paid the defendants. It was insisted on the trial that the plaintiff was not entitled to recover, because he did not make or tender a reconveyance of his interest in the land to the defendants before bringing the action. But the court below, being of the opinion that the plaintiffs had no title to the land, instructed the jury in substance that he was not bound to make, or tender a reconveyance. Whether the plaintiff had such title, and was bound to tender a reconveyance of it, or not, is the main question presented by the assignments of error. It is clear that no title to the land vested in the plaintiff under the written contract between the parties. It does not purport to convey a definite interest in the land; it does not designate the price or quantity, nor does it describe its location with sufficient certainty. Both the consideration and subject of the contract are undefined. Where either is left uncertain the contract is legally incomplete, and therefore void: Soles *v.* Hickman, 8 Harris 180. If then no title passed to the plaintiff under the contract, had he any such interest in the land under the deed of Daniel Smith to the Middleton Oil Company, as made it necessary for him to tender

[Burns *v*. McCabe.]

a reconveyance before commencing the action? The defendants purchased the land from Smith, and at their request he conveyed it, by deed duly acknowledged, to " The Middleton Oil Company of Allegheny county and state of Pennsylvania, their heirs and assigns." The company never had any articles of association, or charter of incorporation. It was composed, as the evidence shows, of the defendants and those to whom they sold shares or interests in the land. The learned judge instructed the jury that if the company was not incorporated, no title passed to the plaintiff by the deed. This instruction was in conformity with the opinion of this court when the case was here on a former writ of error : McCabe *v*. Burns, 16 P. F. Smith 356, and is supported by the following authorities : Jackson *v*. Sisson, 2 Johns. Cases 321 ; Jackson *v*. Cory, 8 Johns. 385 ; Hornbeck *v*. Westbrook, 9 Id. 73 ; Humble *v*. Glover, Cro. Eliz. 328 ; Tho. Co. Litt. 316, 3 a, among others which might be cited. In delivering the opinion in Jackson *v*. Sisson, Kent, J., said : " There was no legal estate created by the patent, but what vested in the three patentees named. The description of the association, by the words, ' a settlement of friends on the west side of the Seneca Lake,' was too vague and uncertain to constitute a competent grantee at law, or a *cestui que use*, whose estate the statute would transfer into possession : Saunders on Uses 63, 128. This would be like a grant to the parishioners, or inhabitants of a dale, or to the commoners of such a waste, or to the churchwardens of a parish, which are held to be void grants : Shep. Touch. 235, 236." It is not easy to discover any real difference or distinction in principle between that case and the present. But even if the deed to the Middleton Oil Company is sufficient to vest the title in the members of the company, as tenants in common, on the principle, *id certum est quod certum reddi potest;* Huss *v*. Stephens, 1 P. F. Smith 282 ; Stephens *v*. Huss, 4 Id. 20 ; the question recurs whether the plaintiff had such title under the deed as he was bound to release or convey. A re-conveyance or return of the property is only required in order to prevent the party from holding the thing paid for, and recovering the price : Babcock *v*. Case, 11 P. F. Smith 427. The deed on its face conveys no title or interest whatever to the plaintiff. If he is not a member of the company, he has no title under the deed. Whether he is a member of the company, or not, depends upon the validity of his contract with the defendants. If it was invalid by reason of fraud, and has been rescinded, then all his rights under it, including his rights as a member of the company, fell with its rescission. He has no title or claim to membership independently of his contract, and he has no title to the land independent of his membership. Having rescinded the contract on which his membership depended, how can he have, or claim, any rights incident to such membership? It is not pretended that he is, or that he

ever has been in the actual possession of the land, or that he has received any of its rents and profits.

If then the contract was fraudulent and void, and the plaintiff has rescinded it, as the jury have found, he has, as it seems to us, no more title to the land conveyed to the company, than if the contract had never been made. He is estopped by its rescission, and by the recovery of the money from asserting any title or claim to the land. Of what avail to the defendants, then, would it be if the plaintiff had executed to them a conveyance or release before bringing the action? If the deed vests in the defendants and their vendees, as members of the company, a valid title to the land, the defendants have a good title to all the estate therein, except the shares or interests held by their vendees. A conveyance from the plaintiff, therefore, would not enlarge their interests, or make their title more secure. But if the plaintiff has some shadow of title or possible interest, it seems to us that under the circumstances of this case, the deed of release and quit claim, which he filed in court, for the use of the defendants, is sufficient to entitle him to recover. In support of this view, we need only refer to the opinion of Thompson, C. J., in Babcock v. Case, *supra*, in which he says: "If equity requires a reconveyance to precede suit, it will be so administered; if it can be protected on the trial, as it may in almost every possible case, it will be so administered. If there be no equity in the case, but only an assumption of it, it ought to be disregarded." Whatever equity the defendants in this case may have had, we think that it was fully protected by the deed filed for their use on the trial. If they had asked for a reconveyance when the plaintiff demanded his money, doubtless it would have been executed. As it is they have suffered no loss by the delay. It follows from what we have said, that there was no substantial error in affirming the plaintiff's first, second and third points, and refusing the defendants' fourth point.

Nor was there error in affirming the plaintiff's fifth and sixth points. It is well settled that where parties to an illegal transaction are shown to have acted in concert for their joint benefit, that the acts and declarations of one are to be regarded as the acts and declarations of all: Peterson v. Speer, 5 Casey 478. This is the principle underlying both points, and they were rightly affirmed: Simons v. Vulcan Oil and Mining Company, 11 P. F. Smith 202.

There was no evidence upon which to base the defendants' sixth point, and it was properly refused. The other subscribers were not parties to the contract which the plaintiff made with the defendants. It was his individual contract, and, upon its rescission, he alone was entitled to recover back the money he had paid on the footing of it.

There is nothing in the other assignments that requires discus-

[Burns *v.* McCabe.]

sion.   The evidence contained in the bills of exception was prop-
erly admitted, and the plaintiffs in error have no reason to com-
plain of the instructions or of the manner in which the case was
submitted to the jury.

Judgment affirmed.