# Mercer v. Santa Lucia of Hillsville

*Gilbert E. Long,* for plaintiff.

*Thomas V. Mansell, Robert E. Jamison* and *Frank O. Moretti,* for defendants.

BRAHAM, P. J., January 9, 1952.—This case is before the court on a petition to determine the priority of the liens against the real estate of a social club which was chartered in the name of Santa Lucia of Hillsville, Pa., but which assumed the name Societa Devoti di Santa Lucia. Confusion among the corporate name, the name in which real property was held, and the names in which liens were recovered has caused the difficulty. The evidence consisted chiefly of excerpts from the pleadings. The record is fragmentary and

the accuracy of the reporting leaves something to be desired. We have referred to the public records to make sure of our facts. If, in order to state the situation accurately, we have gone somewhat beyond the actual words of the record, exception may be taken by anyone who claims to have been harmed. Furthermore, the parties proceeded to hearing without waiting to bring to an end proceedings for amendment. In these circumstances the amendments are deemed to be allowed and the case proceeded with.

From the evidence thus supplemented we make the following

### Findings of Fact

1. On November 6, 1905, this court chartered a corporation known as Santa Lucia of Hillsville, Pa. The charter therefor is recorded in Lawrence County in Charter Book 1, page 10. It was recorded November 10, 1905. The purpose of the proposed corporation was declared to be:

"To protect and aid its members and their families; to secure sick benefits to such of its members in case of sickness and disability from doing manual labor; and to accumulate a fund for that purpose". The business of the corporation was to be transacted at Hillsville, Mahoning Township, Lawrence County, Pa.

2. On May 21, 1943, the New Castle Lime & Stone Company conveyed a lot of land in Hillsville, Pa., to a grantee named as Societa Devoti di Santa Lucia of Hillsville, Pa., a corporation. The deed was recorded March 3, 1944, in Lawrence County in Deed Book 329, page 120. The description of the property was as follows:

"Beginning at a point on the Southwest corner, which point is also the Northwest corner of lands of John Sandora, running thence by other lands of New

Castle Lime & Stone Company North one degree thirty minutes East (N. 1 deg. 30' E.) a distance of two hundred seventy-four and 33/100 (274.33) feet to a point; thence by other lands of New Castle Lime & Stone Company South eighty-eight degrees thirty minutes East (S. 88 deg. 30' E.) a distance of two hundred sixty-six and 74/100 (266.74) feet to a point; thence by private road South nineteen degrees eighteen minutes West (S. 19 deg. 18' W.) a distance of one hundred sixty and 20/100 (160.20) feet to a point; thence by the lands of John Sandora North eighty-eight degrees West (N. 88 deg. W.) a distance of two hundred thirteen and 8/10 (213.8) feet, the place of beginning, containing one and one-half (1½) acres".

3. There was not at the time the deed was executed, delivered and recorded, and has not been since, any corporation known as Societa Devoti di Santa Lucia of Hillsville, Pa.; but after November 5, 1905, the society carried on its business under the name "Societa Devoti di Santa Lucia", the name Santa Lucia of Hillsville, Pa., being a rough interpretation and abbreviation thereof.

4. Beginning April 3, 1948, Santa Lucia Society of Hillsville, Pennsylvania, caused a brick clubhouse to be constructed on its land. Plaintiff, James W. Mercer, defendants Clyde D. Badger, Withers Heating Company and Ivor V. Davis all furnished labor or materials in and about the projects.

5. On August 16, 1948, the members of Santa Lucia Society of Hillsville, Pa., a corporation, acting under the name "Societa Devoti di Santa Lucia of Hillsville, Lawrence County, Pennsylvania," executed and delivered a mortgage to defendant, Clyde D. Badger, covering the premises substantially described in the second finding of fact. The mortgage was to secure the payment of $8,000 on or before December 1, 1948, with interest at six percent per annum, payable semi-

annually. The mortgage was recorded on August 17, 1948, at 2:40 p.m. in Lawrence County in Mortgage Book, vol. 277, page 595.

6. On May 10, 1949, plaintiff brought suit in assumpsit in the Court of Common Pleas of Lawrence County, Pa., at June term, 1949, no. 83, against Societa Devoti di Santa Lucia of Hillsville, an unincorporated association, and against Marshall Sokin, Frank A. Ross, Anafrio Lupo, Lame Lognese and Victor Medure, officers and members. The suit was to recover the sum of $3,055.65 alleged to be due plaintiff for labor furnished in the construction of a brick building on defendant's premises.

7. On July 8, 1949, defendants answered by denying that they were an unincorporated association, alleging that it was a nonprofit corporation chartered under the name of Santa Lucia of Hillsville, Pa. Defendants also averred that since incorporation the society held itself out to the public as a corporation under the assumed name of "Societa Devoti di Santa Lucia of Hillsville, Pennsylvania."

8. On July 25, 1949, plaintiff brought suit in assumpsit against Santa Lucia of Hillsville, Pa., a corporation, also known as Societa Devoti di Santa Lucia. The suit was docketed at September term, 1949, no. 65. It was brought on the same cause of action as the suit at June term, 1949, no. 83. On January 10, 1950, defendant by its attorney agreed in writing that judgment might be entered against it and in favor of plaintiff for the sum of $3,000 and costs. Accordingly, judgment was so entered on March 27, 1950, for $3,000 with interest from January 10, 1950, and costs.

9. On March 17, 1949, N. E. Withers trading as Withers Heating Company filed in the Court of Common Pleas of Lawrence County at June term, 1949, no. 2, a mechanic's lien against the premises described in the second finding of fact to recover the sum of

$4,420. The delivery of materials and the furnishing of labor for the heating system was alleged to have begun about August 3, 1948. By appropriate proceedings in scire facias at March term, 1950, no. 126, the lien was on April 20, 1950, reduced to judgment in the sum of $4,862 with interest from that date and costs. The judgment was entered at June term, 1950, D. S. B., no. 102, for the same amount. The lien was entered against Society Devota di Santa Lucia.

10. On October 12, 1950, New Castle Lime and Stone Company executed and delivered to "Santa Lucia of Hillsville, Pa., a corporation", a deed for the same premises described in the second finding of fact. The deed has been recorded in Deed Book, vol. 329, page 120. The deed contained this recital:

"This deed is made for the purpose of correcting a certain deed dated May 21, 1943, and of record in the Recorder's Office of Lawrence County, Pennsylvania, in Deed Book Vol. 329, page 120, wherein the corporate name of the grantee herein was incorrectly designated as 'Societa Devoti Di Santa Lucia of Hillsville, Pa.'. The grantee herein in accepting this deed, agrees that the New Castle Lime and Stone Company does not, in any way, warrant title to any group, unincorporated or otherwise, which may have designated itself as Societa Devoti Di Santa Lucia of Hillsville, Pennsylvania".

The deed contained a covenant of general warranty, "except as to Societa Devoti Di Santa Lucia of Hillsville." The deed was secured through the efforts of plaintiff but was accepted by Santa Lucia of Hillsville, Pa.

11. On October 16, 1950, plaintiff sued out a writ of scire facias on the judgment obtained as above stated at December term, 1950, no. 44, and on December 27, 1950, recovered judgment thereon in the sum of $3,000 with interest from January 10, 1950, and

costs. The judgment was entered at March term, 1951, no. 62. It is entered against defendant in both the real and assumed names.

12. On March 16, 1950, Ivor V. Davis and Ivor V. Davis, Jr., trading as Davis Coal and Supply Company filed a suit against Society San Lucia of Hillsville, a corporation, at June term, 1950, no. 14, upon which judgment was recovered on April 17, 1950, in the amount of $622.64.

## Discussion

In 1943 the members of Santa Lucia of Hillsville, Pa., a corporation chartered in 1905, bought a parcel of land in Hillsville, this county, taking the title in the name Societa Devoti di Santa Lucia, a corporation, although there was no such corporation. Over the years the society had been known by this name. In 1948 the society built a clubhouse on the land. The lien status of a number of creditors is to be determined in this proceeding.

The relevant dates of judgment and the name of defendant is as follows: On August 17, 1948, Societa Devoti di Santa Lucia executed and delivered a mortgage of the lands to Clyde D. Badger in the sum of $8,000. On May 10, 1949, James W. Mercer, present plaintiff, sued Societa Devoti di Santa Lucia of Hillsville and later Santa Lucia of Hillsville, Pa., recovering judgment for $3,000 in the latter action on March 27, 1950. On March 17, 1949, Withers Plumbing Company filed a mechanic's lien against the land and buildings described in the second finding of fact, alleging August 3, 1948, as the date of the visible commencement of work on the ground and the owner to be Societa Devoti di Santa Lucia. On October 12, 1950, a new deed for the land was executed and delivered to Santa Lucia of Hillsville, Pa., and thereafter James W. Mercer by writ of scire facias reduced his claim

to judgment against Santa Lucia of Hillsville, also known as Societa Devoti di Santa Lucia. On April 17, 1950, Ivor V. Davis and Ivor V. Davis, Jr., trading as Davis Coal and Supply Company recovered judgment in the sum of $642.64 against Society San Lucia of Hillsville, a corporation, also known as Societa Devoti di Santa Lucia.

In these circumstances what is the priority of the liens? It must be understood that the court is not now asked to exercise its equitable power as to mistake or to take other action which a party might have taken to improve his situation. The court is merely to declare what the rights of the parties are as the record now stands.

The first principle which at once obtrudes is the inability of a corporation to take legal title to lands in a fictitious name. A corporation under modern law may do business under a fictitious name: Phillips v. International Text Book Co., 26 Pa. Superior Ct. 230; 56 A. L. R. 450; Mawson v. Mawson and De Many Fur Co., Inc., 29 Dist. R. 195, 199; Berg Company v. Douredoure Brothers, 5 D. & C. 597; McCarthy Bros. & Wilson, Inc., v. Schmitt, 6 D. & C. 147. But the title to land may not be held in the name of an unincorporated association or other fictitious entity; Trexler v. Africa, 232 Pa. 493, 499; Burns & Stevenson v. McCabe, 72 Pa. 309; Hawk et al. v. Hawk et al., 88 Pa. Superior Ct. 581; Houk's Estate, 33 D. & C. 511, 516; Shenango Pottery Workers Assn. et al. v. Crawford et al., 59 D. & C. 426, 431; Latrobe Hunting and Fishing Club, Limited, et al. v. Decker, 12 D. & C. 63. Originally not even a gift for charitable purposes to an unincorporated association could be sustained: Trustees of Philadelphia Baptist Association et al. v. Hart's Executors, 4 Wheaton (U. S.) 1, 4 L. Ed. 499, a view soon corrected in Vidal v. Girard's Execs., 2 Howard (U. S.) 127, 196, 11 L. Ed. 125. By an old

act of February 6, 1731, P. L. 192, unincorporated religious associations were empowered to hold real estate, a factor which tends to explain such cases as Phipps v. Jones, 20 Pa. 260, and Frazer v. St. Luke's Church, 147 Pa. 256. Barrett v. King, 64 Pa. Superior Ct. 601, 603, and Liederkranz Singing Society v. Germania Turn-Verein, 163 Pa. 265, are distinguishable as not being decided on the title to real estate.

The modern law on the subject may be found in Africa et al. v. Trexler, 232 Pa. 493, 499 (affirming the Superior Court in Trexler v. Africa, 42 Pa. Superior Ct. 542, 547) as follows:

"There is nothing in the record to show that the American Stave & Lumber Company was incorporated, or, aside from the recital in the deed, whether it was a partnership or an unincorporated association, and, therefore, no title passed from Fritch and wife by the deed of August 4, 1894: Burns vs. McCabe, 72 Pa. 309; Jackson vs. Sisson, 2 Johns. Cas. (N. Y.) 321. The Superior Court correctly disposed of this question in the following language of its opinion in Trexler vs. Africa, 42 Pa. Super. Ct. 542, 547: 'It does not appear in the record that the American Stave & Lumber Company was a corporation. It must, therefore, have been a partnership name or a fictitious name, and under the above quoted authority, the conveyance by Fritch and wife by the deed of August 4, 1894, to the American Stave & Lumber Company did not vest the legal title to the land therein described in that company, because it had no such legal existence as would entitle it to be a grantee in a deed of real estate. This left the legal title still in Fritch and wife, and their subsequent deed of September 13, 1899, to the plaintiffs (Jacob F. Trexler and John L. Trexler), vested the legal title in the latter . . . : Enterprise Transit Co. v. Hazelwood Oil Co., 20 Pa. Superior Ct. 127; Wilkinson vs. Connell, 158 Pa. 126. We need

not discuss the question whether the deed to the American Stave & Lumber Company vested an equitable title in that company, because there is no one in possession of the locus in quo claiming under such title, and it is not the rule of law that an equitable title authorizes the holder of it to go into possession of land without additional authority to take possession.' "

See also 4 Tiffany on Real Property (3rd) §§967, 968, pages 31, 36; 148 A. L. R. 252.

In the light of these principles can it be said that any title passed to Societa Devoti di Santa Lucia of Hillsville, Pa., by the deed of New Castle Lime and Stone Company? Here it is argued that a similarity of names and the effect of translating from the Italian to the English operates in favor of those who claim under the Societa Devoti di Santa Lucia. But the discrepancy here seems too great. The names do not sound alike; the principle of idem sonans does not help: Delaney v. Becker, 14 Pa. Superior Ct. 392, 397. The fictitious name contains two more words than the real name. There must be fundamental similarity of names; this is lacking here.

It is the duty of persons leaving mortgages for record to see that the instrument is such as to be entitled to record and is properly recorded and properly indexed: Prouty v. Marshall, 225 Pa. 570. Even the difference between a real name and a nickname or omission of an initial may be fatal: The Ohio-Penna Joint Stock Land Bk. of Cleveland v. Miller, 107 Pa. Superior Ct. 239; Arch Street Building & Loan Association v. Sook, 104 Pa. Superior Ct. 269.

Where the instrument is a nullity the record is a nullity: 2 Pomeroy Equity Jurisp. (5th) 816, §651; Limits of Record Search and Notice, 93 U. of Penna. Law Review 275, 278.

Since legal title did not pass to the Societa Devoti di Santa Lucia it remained in New Castle Lime and

Stone Company. The equitable title, however, passed to Santa Lucia of Hillsville, Pa., because Santa Lucia paid the purchase price: Oransky v. Stepanavich, 304 Pa. 84, 91; Bushong's Pennsylvania Land Law 88. Plaintiff's judgment became a lien on this equitable estate as soon as it was entered against Santa Lucia: Baird v. Lent, 8 Watts 422; Crouse's Appeal, 28 Pa. 139; 1 Bushong's Penna. Land Law, page 206. The lien bound the legal estate when acquired; Holmes' Appeal, 108 Pa. 23; 1 Bushong, 206; 85 A. L. R. 927, 929. Plaintiff by his scire facias only made the lien more secure.

The equities of the case must be considered and here, as often, help may be derived from the maxims in equity. Two maxims apply to the problem before the court: The first, "where equities are equal the law prevails"; the second, "equity rewards the diligent".

"Where equities are equal the law prevails". All these parties furnished labor and materials toward the building of the clubhouse for which they should be paid. But one of them has persevered until he has a legal lien against the real owner of the property; the other has a mortgage which is a nullity. The one with the legal lien prevails: 1 Pomeroy's Equity Jurisprudence 166.

"Equity aids the diligent", assuming that it was plaintiff, Mercer, who secured the correct deed for Santa Lucia of Hillsville, Pa. It was receipted for by the attorney for the corporation and was for the corporation's benefit. Then Mr. Mercer proceeded to proceed by scire facias to reduce his claim to judgment to cover after-acquired property. Equity favors this type of diligence: 1 Pomeroy's Equity Jurisprudence (5th) 169.

The claim of Withers Plumbing Company on a mechanic's lien stands on a somewhat different footing than the claim of Mercer, secured by a judgment,

and the claim of Badger, secured by a mortgage. A mechanic's lien is filed against the "structure or other improvement and the curtilage appurtenant thereto": Act of June 4, 1901, P. L. 431, sec. 2, 49 PS §21. Under section 4 of the act (49 PS §28) an owner who knowingly permits a contract to be made by one who acts as the owner, without objecting at the time, shall be deemed to have ratified the act of such person. In the case at bar the true corporation, Santa Lucia, knowingly permitted those operating as Societa Devoti di Santa Lucia to contract and build. The corporation is liable and the lien reverts to the date of the visible commencement of the work on the ground: Citizens Bank of Palmerton v. Lesko et al., Trustees, 277 Pa. 174; Fourth Avenue Baptist Church et al. v. Schreiner, 88 Pa. 124; 2 Cushman's Law of Mechanic's Liens in Penna., page 487. When the lien is filed against the proper property amendment as to a party should be allowed: Brown v. Engle, 75 Pa. Superior Ct. 592.

Thus in the case at bar Withers Plumbing Company is entitled to a first lien but the name of the owner should be amended.

Two further subjects require consideration. Defendant Badger relies upon the idea that Societa Devoti di Santa Lucia was a de facto corporation, citing Gibb's Estate, 157 Pa. 59, 70; Spahr v. Farmer's Bank, Carlisle, 94 Pa. 429; Cochran v. Arnold, 58 Pa. 399. In Gibb's Estate plaintiff sought to hold defendants as partners but they thought they had organized their bank as a corporation, they had no agreement to be partners, and it was held that the technical error in their incorporation could not be attacked collaterally. In Spahr v. Bank, where a new bank had taken over the assets of an old one it was held that the endorser of a series of notes and renewals could not defend by showing a defect in the transfer. In Cochran v. Arnold, plaintiff sued stockholders of a corporation as part-

ners, alleging that the charter was defective. The defect was the failure to state that the capital had been paid in in the form of machinery and like assets.

In all these cases the court held the associates to be at least a corporation de facto. There is no trouble about this rule. In modern practice corporations may do business in an assumed name as indicated above. But Mr. Badger's contention fails to satisfy the principle that title to real estate may not be taken by a corporation in an assumed or fictitious name: Africa v. Trexler, 232 Pa. 493, 499.

The final consideration which has caused us concern has not been advanced by any party and perhaps does not apply but it seems to be implicit in the situation. There is authority to the effect that a judgment creditor obtains no priority in lien over a mortgage of which he has knowledge: Britton's Appeal, 45 Pa. 172; Lahr's Appeal, 90 Pa. 507; 4 A. L. R. 434, 442; 1 Bushong's Land Law 186. However, in the case at bar there is no real mortgage, the actual knowledge of the parties is not made to appear, and the principle is not deemed controlling.

Ours is a duty in this proceeding to declare rights as the record stands. The liens rank in this order: First, the mechanic's lien of Withers Plumbing Company; second, the Mercer judgment; third, the Badger mortgage; fourth, the Davis Coal Company judgment. This decision is of course among the parties. It is obvious that both Badger and Davis should proceed to correct their liens. Entertaining these views we make the following conclusions of law and decree nisi:

### Conclusions of Law

1. A corporation may not take title to real estate in an assumed or fictitious name. If it does so the deed does not transfer title and a mortgage given by the fictitious unity does not create a lien.

2. A judgment obtained against a corporation in its true name binds the equitable estate of the corporation in real estate which has been bought by the corporation under an assumed name. Judgment on scire facias after title has been taken in the true name confirms the lien.

3. A mechanic's lien filed against real estate actually improved binds the real estate, although the owner named is a fictitious or nonexistant unity instead of the corporation which actually owns the land. Amendment of the name of the owner must be allowed.

### Decree Nisi

Now, January 9, 1952, after hearing and full consideration of this case it is ordered, adjudged and decreed that the liens against the property of Santa Lucia of Hillsville, Pa., a corporation, which have been brought to the attention of the court, rank as follows:

1. The mechanic's lien of Withers Plumbing Company at June term, 1949, no. 2.

2. The judgment of James W. Mercer, plaintiff, at September term, 1949, no. 65, and December term, 1950, no. 44.

3. The mortgage of Clyde D. Badger recorded in Lawrence County in Mortgage Book, vol. 277, page 595, conditional upon its being made a lien against Santa Lucia of Hillsville, Pa., in its proper name.

4. Judgment of Ivor V. Davis and Ivor V. Davis, Jr., trading as Davis Coal & Supply Company, at June term, 1950, no. 14, conditional upon its being made a lien against Santa Lucia of Hillsville, Pa., in its proper name.

The costs are placed upon defendant, Santa Lucia of Hillsville, Pa.

This decree shall become absolute unless exceptions hereto are filed within 10 days.

## OPINION SUR EXCEPTIONS

BRAHAM, P. J., May 2, 1952.—In this declaratory judgment proceedings the trial judge in his adjudication found that plaintiff's judgment ranked above the mortgage of Clyde D. Badger, although later in date. Plaintiff's judgment was against defendant corporation in its true name. The title to the real estate and Badger's mortgage thereon were in the name Societa Devoti di Santa Lucia.

The only exceptions to the adjudication are filed by Badger, who challenges the court's tenth finding of fact, first and second conclusions of law and final decree.

The tenth finding of fact establishes that on October 12, 1950, a corrected deed for the premises in question was executed and delivered to Santa Lucia of Hillsville, the purpose being to correct the original deed which was given to Societa Devoti di Santa Lucia. The corrected deed was secured through the efforts of plaintiff, but was accepted by the corporation. All these facts are amply born out by the evidence. The tenth paragraph of the amended bill of complaint was admitted in evidence and the evidence shows that Mr. Moretti receipted for the deed as the corporation's attorney.

The exception to the first conclusion of law requires reëxamination of the priority of lien between plaintiff and Clyde D. Badger. The trial judge relied upon Trexler v. Africa, 232 Pa. 493, and ruled that, since a corporation may not hold title in an assumed name, the taking of title by Santa Lucia of Hillsville in the name Societa Devoti di Santa Lucia, was abortive and no title passed. Since no title passed Badger got nothing by his mortgage. In Trexler v. Africa there was no true corporate entity. In the case at bar the beneficial owner Santa Lucia of Hillsville was at all times

a duly constituted corporation. The trial judge found that the equitable title vested in the corporation because it paid the purchase price. But what about Badger? When he took the mortgage in the assumed name employed when the property was bought did he get a lien against the legal or equitable estate of the corporation?

The vital consideration, alluded to in the adjudication as a doubtful point but not given the decisive effect to which it was entitled, is the knowledge which plaintiff had of the nature of the transaction. The sixth finding of fact establishes that plaintiff sued Societa Devoti di Santa Lucia and a number of members as the person or persons with whom he had dealt with respect to the construction of the clubhouse. Upon his bringing suit plaintiff was advised by defendant's answer that the true owner was Santa Lucia of Hillsville, a corporation, and that since incorporation it had held itself out to the public as a corporation under the assumed name, Societa Devoti di Santa Lucia of Hillsville, Pa.

Was the deed to the corporation in the assumed name and the mortgage to Badger in the same style notice to plaintiff? First, let the law applicable to individuals be considered. Here a distinction must be noted between cases involving sheriff sales and cases of ordinary sale. As to sheriff's sale of real estate it is the law that the rights of all parties depend upon the record at the time of sale. As was said in Hilliard v. Tustin, 172 Pa. 354, 355, "the importance of a fixed rule by which bidders at a sheriff's sale may be guided and the rights of purchasers determined has been uniformly recognized and upheld in our cases. The purchaser was not bound to look beyond the record, and was not affected by, and could not affect others by anything beyond it".

See on this point Colonial Trust Co., Trustee, v. Lincoln Drive Apartments Corp. et al., 299 Pa. 117, 123; Penna. Co. for Insurances on Lives, etc. v. Halpern et al., 273 Pa. 451, 454. As to sales other than sheriff's sale the modern law may be stated by quoting Mr. Justice Stern in Coral Gables, Inc., v. Kerl, 334 Pa. 441, 447, as follows:

"Each case must depend upon concomitant circumstances. The freedom with which persons use their names in various forms demands a corresponding flexibility in the law if it is to conform to the habits and usages of life rather than be unduly technical. The sole function of a name is to identify the person whom it is intended to designate, and therefore all that is legally necessary in the docketing and indexing of judgments is that the defendant should be individuated with a degree of accuracy sufficient either to lead a reasonably careful searcher to conclude that he is the person who is the object of the search, or to suggest to the searcher the wisdom of inquiry to ascertain the fact. Where there is enough to put an ordinarily prudent person upon guard, inquiry becomes a duty, and if an investigation, reasonably pursued, would disclose the identity of the judgment debtor, the subsequent lienor is bound by notice of the previous judgment even though inaccurately recorded".

See also Department of Public Assistance v. Reustle et al., 358 Pa. 111, 116.

There is corresponding liberality in the law as to names of corporations. Indeed Chief Justice Gibson, speaking in 1820 in Berks and Dauphin Turnpike Road v. Myers, 6 S. & R. 12, 17, outlined the goal toward which the law has continually progressed as follows:

"But when the Courts began to allow these artificial beings, most of, if not all, the attributes of natural

existence, and to permit them to contract pretty much in the ordinary manner of natural persons, a correspondent relaxation in the use of the exact corporate name, for purposes of designation, necessarily followed. I take the law of the present day to be, that a departure from the strict style of the corporation will not avoid its contract, if it substantially appear, that the particular corporation was intended; and that a latent ambiguity may, under proper averments, be explained by parol evidence, in this, as in other cases, to show the intention".

Much the same thing was said by Mr. Justice Stern in McCarthy Bros. & Wilson, Inc., v. Schmitt, 6 D. & C. 147-48. See also 6 Fletcher on Corporations 134.

Clearly if a second encumbrancer knows of the existence of a prior unrecorded mortgage he takes subject to that mortgage: Stiles v. Bradford, 4 Rawle 394; Britton's Appeal, 45 Pa. 172; Anno, 4 A. L. R. 434; 1 Bushong's Land Law 186.

The question, therefore, is whether Mr. Mercer knew of the Badger mortgage. Did he know that Societa Devoti di Santa Lucia was the same corporation as Santa Lucia of Hillsville? Chief Justice Gibson says that the identity of the corporation is the test. The answer of defendants to plaintiff's first suit shows that he was informed of the long course of dealing in which Santa Lucia of Hillsville was known as Societa Devoti di Santa Lucia of Hillsville. The deed which plaintiff by his diligence secured was not a new deed but a deed to correct the old one. Thus the identity of the parties is assured. Incidentally, Mr. Badger seems to find something reprehensible in plaintiff's efforts to secure the new deed. Rather he should be grateful.

Where the adjudication is in error is in finding that since defendant corporation took title in an assumed

name, no title passed. This is the rule of Trexler v. Africa but only where there is no entity to which title could pass. In the case at bar there was an existing corporation and upon careful consideration it is found that this was the entity to which title was intended to pass. If plaintiff had been unaware of the situation his judgment would indeed have been first but we have found that he had knowledge. The first and second conclusions of law are correct. The decree must, however, be corrected by granting the mortgage of Clyde D. Badger precedence over the judgment of plaintiff, James W. Mercer. Accordingly, we make the following

### Final Decree

Now, May 2, 1952, after hearing and full consideration of this case it is ordered, adjudged and decreed that the liens against the property of Santa Lucia of Hillsville, Pa., a corporation, which have been brought to the attention of the court, rank as follows:

1. The mechanic's lien of Withers Heating Company at June term, 1949, no. 2.

2. The mortgage of Clyde D. Badger recorded in Lawrence County in Mortgage Book, vol. 277, page 595, conditional upon its being made a lien against Santa Lucia of Hillsville, Pa., in its proper name.

3. The judgment of James W. Mercer, plaintiff, at September term, 1949, no. 65 and December term, 1950, no. 44.

4. Judgment of Ivor V. Davis and Ivor V. Davis, Jr., trading as David Coal & Supply Company, at June term, 1950, no. 14, conditional upon its being made a lien against Santa Lucia of Hillsville, Pa., in its proper name.

The costs are placed upon defendant, Santa Lucia of Hillsville, Pa.