J-A10023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH TAGGART, | : | |
| | : | |
| Appellant | : | No. 1384 EDA 2018 |

Appeal from the Order Dated March 27, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2010-08638

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 1, 2019**

Kenneth Taggart appeals the order entered on March 27, 2018, in the

Court of Common Pleas of Montgomery County.  The court granted Wells Fargo

Bank N.A.'s ("Wells Fargo") motion for summary judgment against Taggart in

a mortgage foreclosure action.  On appeal, Taggart argues the trial court erred

in granting summary judgment because (1) Wells Fargo did not provide proper

notice of default and intent to file the complaint; (2) the mortgage note was

not legally perfected; (3) the mortgage did not name the correct lender; and

(4) Wells Fargo lacked standing.[1]  On June 14, 2019, Taggart filed a motion

─────────────────

[1] Taggart's first issue in both his Rule 1925(b) statement and in his brief is
that the trial court erred in granting summary judgment.  **See** Concise
Statement of Matters Complained of on Appeal, 5/21/2018, at unnumbered
page 1; Taggart's Brief, at 2.  In it, Taggart baldy alleges that the trial court

to take judicial notice. Based upon the following, we affirm the decision of the trial court and deny Taggart's application for relief in the form of a motion to take judicial notice.

The trial court set out the relevant facts and procedural history as follows:

> This action in mortgage foreclosure came before the [the trial c]ourt on cross-motions of the parties for summary judgment. The record as developed in those motions discloses the following undisputed facts:
>
> On December 16, 2008, [Taggart] executed a [m]ortgage on property located at 709 Schwab Road, Hatfield, Montgomery County, Pennsylvania. The instrument identifies the lender and mortgagee as "American Partners Bank."[a] It provides that before

---

erred in granting Wells Fargo's motion for summary judgment and denying his motion for summary judgment. *Id.* However, under this heading in the body of the brief, Taggart argues a variety of issues, including, that there are errors in the description of the property, various deficiencies in the complaint, alleged errors in evidentiary rulings, and duplications of arguments made later in the brief. Taggart's Brief, at 7-24. We note that, "[a] concise statement of [errors] complained of on appeal must be specific enough to identify and address each issue the appellant wishes to raise on appeal. *Mazurek v. Russell*, 96 A.3d 372, 377 (Pa. Super. 2014). An overly vague or broad statement of matters complained of on appeal may result in waiver. *Majorsky v. Douglas*, 58 A.3d 1250, 1258 (Pa. Super. 2012), *appeal denied*, 70 A.3d 811 (Pa. 2013). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. McCree*, 857 A.2d 188, 192 (Pa. Super. 2004) (citation omitted), *affirmed*, 924 A.2d 621 (Pa. 2007). Here, the trial court in its Rule 1925(a) opinion addressed Taggart's first issue as follows, "[Issue 1] is generic and need not be addressed beyond the discussion below of the other items." Trial Court Opinion, 7/02/2018, at n. 5. Thus, the trial court was unable to discern from Taggart's vague claim, the issues he now argues in his brief. Accordingly, we find that Taggart's first issue is both waived and duplicative; we will not further discuss it. *See Mazurek*, *supra* at 377; *Majorsky*, *supra* at 1258.

- 2 -

exercising its remedies in the event of default by [Taggart], the lender must send him written notice of the default and an opportunity to cure it. [Taggart] failed to make the monthly payment due on December 1, 2009, and the payments due thereafter. [Taggart] does not dispute his failure to make such payments, although he contends that such failure does not constitute a default under the [m]ortgage, for reasons discussed below.

> [a] Technically speaking, the [m]ortgage identifies "American Partners Bank" as the "Lender," and it identifies as the mortgagee "Mortgage Electronic Registration Systems, Inc. . . . solely as nominee for Lender and Lender's successors and assigns." For purposes of [Taggart's] challenge to the validity of the [m]ortgage, the parties have treated "American Partners Bank" as the mortgagee, and this [o]pinion does the same.

A copy of an Act 91 Notice sent to [Taggart] is attached to [Wells Fargo's] [m]otion for [s]ummary [j]udgment as Exhibit D. A copy of the envelope, included in the exhibit, shows that it was sent by certified mail to [Taggart] at the address of the mortgaged property, with a postage meter date of February 10, 2010. Notations by the postal authorities show a "first notice" of the certified mailing on "2/13" and a "second notice" on "2-18"; the envelope is stamped as "unclaimed" and shows a "returned" date of "3-2" (capitalization omitted). The Act 91 Notice states that [Taggart] is in default, that he may cure the default by paying specified amounts within thirty days, and that if he fails to cure, the entire balance of the debt will be due and owing.

[Wells Fargo] filed its [c]omplaint in [m]ortgage [f]oreclosure on April 1, 2010. The [c]omplaint alleged that "[t]he Plaintiff is now the legal owner of the mortgage and is in the process of formalizing an assignment of same." On January 7, 2016, [Wells Fargo] recorded an instrument entitled Corrective Assignment of Mortgage, reflecting an assignment of the [m]ortgage from "Mortgage Electronic Registration Systems, Inc., as nominee for American Partners Bank, its successors and assigns" to Wells Fargo Bank N.A.[b]

[b] The [c]orrective [a]ssignment recites that a previous [a]ssignment had been recorded on May 18, 2010, but was being corrected because "that Assignment incorrectly shows the Assignor to be Mortgage Electronic Registration Systems, Inc. whereas it should show Mortgage Electronic Registration Systems, Inc., as nominee for American Partners Bank, its successors and assigns."

[Taggart] created an extensive record on the relevant history of American Partners Bank. Specifically, Exhibit F to [Taggart's] [m]otion for [s]ummary [j]udgment is an [a]udit [r]eport issued by the Office of Inspector General of the Treasury Department, entitled "Safety and Soundness: In-Depth Review of Waterfield Bank," dated July 14, 2011 (hereinafter, "Audit Report"). The Audit Report recites the following history:

**Waterfield Bank's History**

Since the institution's inception in 2000, Waterfield Bank has changed ownership three times. Initially, it opened on June 12, 2000, as Assurance Partners Bank, a federal chartered *de novo* thrift in Carmel, Indiana. . . .

On April 8, 2005, Federal City Bancorp, Inc. acquired a controlling interest in the institution via a private placement. The headquarters were relocated to Bethesda, Maryland, and the name was changed to American Partners Bank. . . .

. . . .

On January 16, 2008, Affinity [Financial Corporation, Inc.] acquired Federal City Bancorp, Inc. and infused $20 million in American Partners Bank. The institution's *name was changed* to Waterfield Bank and a new board of directors and management team were installed.[c]

[Taggart] filed his [m]otion for [s]ummary [j]udgment on May 12, 2017. [Wells Fargo] filed its own [m]otion for [s]ummary

[j]udgment on November 7, 2017. The [m]otions were fully briefed, and oral argument was held on March 26, 2018. On March 27, 2018, [o]rders were issued denying [Taggart's] [m]otion and granting [Wells Fargo's] [m]otion; the latter [o]rder entered an *in rem* judgment against [Taggart] for foreclosure and sale of the mortgaged property. On April 23, 2018, [Taggart] filed a [m]otion for [r]econsideration of the [o]rder granting summary judgment in favor of [Wells Fargo]. That [m]otion was denied by [o]rder dated April 24,2018.[d]

[c] A [c]ertification from the Federal Deposit Insurance Corporation, also submitted by [Taggart], is to the same effect: "[E]ffective February 1, 2006, Assurance Partners Bank changed title to American Partners Bank . . .[;] effective January 21, 2008, American Partners Bank changed title to Waterfield Bank." [Taggart] acknowledges that Waterfield Bank had the same FDIC number as American Partners Bank.

[d] Several other filings deserve brief mention. On December 18, 2017, [Taggart] (acting *pro se*, although represented by counsel) filed a document entitled Notice of Fraud, attaching a letter addressed to several government officials complaining of [Wells Fargo's] alleged fraud in relying on a [m]ortgage that [Taggart] claimed to be invalid. On January 22, 2018, [Wells Fargo] filed a [m]otion to [s]trike the [n]otice of [f]raud. In addition, on March 23 and 26, 2018, [Taggart] (again acting *pro se*) filed seven [m]otions to [t]ake [j]udicial [n]otice of documents described as follows: public records of the Federal Deposit Insurance Corporation, public records of the Federal Reserve Board, a certification of the Federal Deposit Insurance Corporation, a certificate of the Office of the Comptroller of Currency, the Audit Report referred to above, a [p]etition for [w]rit of [m]andamus filed by [Taggart] in federal court, and a [c]omplaint filed by [Taggart] in federal court against [the trial c]ourt and the Commonwealth of Pennsylvania. On March 27, 2018, the same day that the [m]otions for [s]ummary [j]udgment were decided, [the trial c]ourt dismissed [Taggart's] [m]otion to [s]trike as moot. Also on that

- 5 -

date, the [trial c]ourt denied [Taggart's] [m]otions to [t]ake [j]udicial [n]otice. The [o]rder noted that the [m]otions to [t]ake [j]udicial [n]otice were improperly filed by [Taggart] *pro se*, even though he was represented by counsel. Further, the Order explained:

> To the extent that the documents that are the subjects of the seven [m]otions are attached as exhibits to [Taggrt's] [m]otion for [s]ummary [j]udgment or his opposition to [Wells Fargo's] [m]otion for [s]ummary [j]udgment, a separate request to take judicial notice of such documents is unnecessary, as the exhibits are already part of the record. To the extent that such documents, issued by government agencies, are not already exhibits, they are redundant and cumulative, as the fact of the name change of the bank is already established. To the extent that [Taggart] requests judicial notice of filings made by him in Federal Court, they are irrelevant to the proceedings before this Court.

> [Taggart's] subsequently filed [n]otice of [a]ppeal states that he is appealing "from the order(s) signed on March 27, 2018 and April 24, 2018," which might be construed to include the two [o]rders referred to in this footnote. The [o]rders are not mentioned, however, in his [c]oncise [s]tatement of [errors] [c]omplained of on [a]ppeal, and therefore they are not addressed further in this [o]pinion.

[Taggart] filed a [timely] [n]otice of [a]ppeal on April 26, 2018,[2] and subsequently filed a timely [c]oncise [s]tatement of [errors]

---

[2] On June 19, 2018, this Court issued a rule to show cause as to why we should not quash the appeal as untimely. Taggart filed a response on June 28, 2018. On July 5, 2018, this Court discharged the rule to show cause. Our

[c]omplained of on [a]ppeal.  On July 2, 2018, the trial court issued an opinion.]

Trial Court Opinion, 7/02/2018, at 1-5 (record citations omitted, emphasis in original).

Initially, we note that, on June 14, 2019, more than one month after oral argument and submission of this case to the merits panel, Taggart filed an application for relief in the form of a motion to take judicial notice.  The Pennsylvania Rules of Appellate Procedure provide:

> **(a) General rule.** After the argument of a case has been concluded or the case has been submitted, no brief, memorandum or letter relating to the case shall be presented or submitted, either directly or indirectly, to the court or any judge thereof, except upon application or when expressly allowed at bar at the time of the argument.
>
> **(b) Change in status of authorities.** If any case or other authority relied upon in the brief of a party is expressly reversed, modified, overruled or otherwise affected so as to materially affect its status as an authoritative statement of the law for which originally cited in the jurisdiction in which it was decided, enacted or promulgated, any counsel having knowledge thereof shall file a letter, which shall not contain any argument, transmitting a copy of the slip opinion or other document wherein the authority relied upon was affected.

Pa.R.A.P. 2501(a) and (b).  Here, Taggart's application does not allege any change in the status of authorities and is merely a reiteration and expansion of the arguments made in both his brief and his reply brief.  Moreover, his

---

review of the record demonstrates that Taggart timely filed his notice of appeal.

- 7 -

application does not comply with Pennsylvania Rule of Evidence 201, which sets forth the criteria for taking judicial notice. Accordingly, we deny the application.

On appeal, Taggart raises five issues in support of his contention that the trial court erred in granting Wells Fargo's motion for summary judgment. *See* Taggart's Brief at 2. We have disposed of the first issue; we summarize his arguments on the remaining issues as follows. The trial court erred in granting summary judgment because Wells Fargo did not properly serve the Act 91 Notice. *See id.* At 24-33. The trial court erred in granting summary judgment because the mortgage and note were not perfected because "American Partners Bank F.S.B." did not legally exist after January 16, 2008. *See id.* at 33-37. The trial court should not have granted summary judgment because Waterfield Bank was not the original lender. *See id.* at 37-38. Lastly, Taggart's claims that the trial court erred in granting summary judgment because Wells Fargo lacked standing as a real party in interest because it was not the holder in due course and not a party entitled to enforce the mortgage. *See id.* at 38-46.

Our standard of review is well settled:

[o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

***Bayview Loan Servicing LLC v. Wicker***, 163 A.3d 1039, 1043-44 (Pa. Super. 2017) (citation omitted), *affirmed*, 206 A.3d 474 (Pa. 2019). Moreover, "[i]n response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." ***Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 464 (Pa. Super. 2014) (citation omitted), *appeal denied*, 112 A.3d 648 (Pa. 2015). We have also stated, "[t]he holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." ***Id.*** at 464-465 (citation omitted). "This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." ***Cunningham v. McWilliams***, 714 A.2d 1054, 1057 (Pa. Super. 1998), *appeal denied*, 734 A.2d 861 (Pa. 1999).

Here, the trial court in its Rule 1925(a) opinion provided a thorough and well-reasoned discussion of Taggart's second[3] through fifth arguments on appeal. *See* Trial Court Opinion, 7/02/2018, at 1-10 (finding (1) the use of an old version of the bank's name on the mortgage did not render it void;[4] (2)

---

[3] We briefly note that, to the extent that Taggart is contending that Wells Fargo did not serve the Act 91 Notice at his last known address rather than that they did not serve at the mortgaged property, he has waived the claim. As Wells Fargo correctly notes, and as our review of the certified record demonstrates, Taggart did not raise this argument in either his motion for summary judgment or in his response to Wells Fargo's motion for summary judgment, instead he raised it for the first time in his motion for reconsideration. *See* Wells Fargo's Brief, at 25-27 (citing to certified record). We have held both that a party cannot raise arguments not raised in opposition for summary judgment to challenge the grant of summary judgment for the first time on appeal and that a party cannot raise an argument for the first time in a motion for reconsideration. ***Krentz v. Consol. Rail Corp.***, 910 A.2d 20, 37 (Pa. 2006) (citation omitted)("arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal."); ***Kelly v. Siuma***, 34 A.3d 86, 94 n. 8 (Pa. Super. 2011) (holding trial court properly refused to consider issue raised for first time in motion for reconsideration), *appeal denied*, 42 A.3d 294 (Pa. 2012).

[4] In its discussion of Taggart's related third and fourth contentions, the trial court relies upon a Court of Common Pleas case, ***Mercer v. Santa Lucia of Hillsville***, 82 Pa. D. & C. 233 (Lawrence, 1952), as well as several out-of-state cases. We have stated that, "court of common pleas decisions provide, at most, persuasive but not binding authority." ***Sears, Roebuck & Co. v. 69th St. Retail Mall, L.P.***, 126 A.3d 959, 972 (Pa. Super. 2015). Moreover, "[t]he decisions of courts of other states are persuasive, but not binding, authority." ***Huber v. Etkin***, 58 A.3d 772, 780 n.8 (Pa. Super. 2012) (citation omitted), *appeal denied*, 68 A.3d 909 (Pa. 2012). We have been unable to discover any pertinent decisions by this Court or the Pennsylvania Supreme Court on the related issues and find the law cited by the trial court to be persuasive. Moreover, in his underdeveloped argument, Taggart has failed to

American Partners Bank is an older name for Waterfield Bank and they used the same FDIC number; (3) Wells Fargo properly served the notice of default; and (4) Wells Fargo had standing.)

Our review of the record reveals ample support for the trial court's conclusions. Accordingly, we adopt the reasoning of the trial court and affirm its order in favor of Wells Fargo.

Order affirmed. Application for relief in the form of a motion to take judicial notice denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/19

---

cite to any legal authority in support of his contentions and has completely failed to address the law cited by the trial court in support of its decision. The burden is on Taggart to demonstrate that the trial court either abused its discretion or committed an error of law. It is also his burden, not this Court's, to support that argument with relevant authority. **See Hackett v. Indian King Residents Assoc.**, 195 A.3d 248, 254-255 (Pa. Super. 2018) (holding it is appellant's responsibility to develop argument with citation to relevant supporting authority).